136 Nev., Advance Opinion 68

IN THE SUPREME COURT OF THE STATE OF NEVADA

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION, A
NATIONAL ASSOCIATION,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 77010

**FILED**

OCT 29 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

Appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; James Crockett, Judge.

*Reversed and remanded with instructions.*

Ballard Spahr LLP and Abran E. Vigil, Holly A. Priest, and Joel E. Tasca, Las Vegas; Ballard Spahr LLP and Matthew D. Lamb, Washington, D.C., for Appellant.

Kim Gilbert Ebron and Jacqueline A. Gilbert, Diana S. Ebron, and Caryn R. Schiffman, Las Vegas,
for Respondent.

Fennemore Craig P.C. and Leslie Bryan Hart and John D. Tennert III, Reno,
for Amicus Curiae Federal Housing Finance Agency.

BEFORE THE COURT EN BANC.

## OPINION

By the Court, STIGLICH, J.:

We have previously held that the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), preempts NRS 116.3116 and prevents a homeowners' association (HOA) foreclosure sale from extinguishing a first deed of trust that secures a loan owned by the Federal Housing Finance Agency (FHFA) or by a federal entity under the FHFA's conservatorship. *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n (Christine View)*, 134 Nev. 270, 272-74, 417 P.3d 363, 366-68 (2018). But we have yet to address what statute of limitations, if any, applies to an action brought to enforce the Federal Foreclosure Bar.

That is the question presented in this case. The answer is governed by the federal law that enacted the Federal Foreclosure Bar—the Housing and Economic Recovery Act (HERA). The HERA statute of limitations looks to whether the claim in the action sounds in contract or tort. Although the claims in the underlying action do not fit either category, we conclude that they are best described as sounding in contract for purposes of the HERA statute of limitations. HERA provides for a six-year statute of limitations for claims sounding in contract. Because the loan servicer commenced the action here within six years of the foreclosure sale, the date the parties agree triggered the running of the statute of limitations, we reverse the district court's summary judgment order. And because we also conclude that the loan servicer sufficiently demonstrated that a regulated entity under the FHFA's conservatorship owned the subject loan, we remand for the district court to enter judgment in favor of the loan servicer.

 

*FACTS AND PROCEDURAL HISTORY*

After the nonparty homeowners failed to pay their HOA assessments, the HOA held a foreclosure sale on March 1, 2013, at which respondent SFR Investments Pool 1, LLC, purchased the property. On November 27, 2013, appellant JPMorgan Chase Bank (Chase) filed a complaint seeking a declaration that the first deed of trust survived the sale and for quiet title. On February 2, 2016, Chase moved to amend its complaint to rely on the Federal Foreclosure Bar. After the district court granted the motion, Chase filed its amended complaint on March 9, 2016.

Both parties moved for summary judgment. Chase offered evidence that it was servicing the loan on behalf of Freddie Mac, which had been placed into an FHFA conservatorship in 2008, and argued that the first deed of trust therefore survived under the Federal Foreclosure Bar. The district court ultimately found that Chase adequately demonstrated that Freddie Mac owned the loan at the time of the foreclosure sale but that a three-year statute of limitations applied and Chase had missed that deadline by eight days because it did not mention the Federal Foreclosure Bar until it filed the amended complaint. The district court therefore entered summary judgment in favor of SFR, concluding that the foreclosure sale extinguished the deed of trust. Chase now appeals that decision, and the FHFA has filed an amicus brief in support of Chase's position.

*DISCUSSION*

The Federal Foreclosure Bar is part of HERA. *See* 12 U.S.C. § 4501 *et seq.* (HERA); *Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757 (2017) (discussing HERA and the Federal Foreclosure Bar). HERA includes a statute-of-limitations provision that applies "to any action brought by the [FHFA]" and specifies the

limitations period based on whether the action involves a contract claim or a tort claim:

> [T]he applicable statute of limitations with regard to any action brought by the [FHFA] shall be—
>
> > (i) in the case of any contract claim, the longer of—
> >
> > > (I) the 6-year period beginning on the date on which the claim accrues; or
> > >
> > > (II) the period applicable under State law; and
> >
> > (ii) in the case of any tort claim, the longer of—
> >
> > > (I) the 3-year period beginning on the date on which the claim accrues; or
> > >
> > > (II) the period applicable under State law.

12 U.S.C. § 4617(b)(12). When the facts are uncontroverted, as they are here, the application of a statute of limitations to bar a claim is a question of law that this court reviews de novo.[1] *Holcomb Condo. Homeowners' Ass'n v. Stewart Venture, LLC*, 129 Nev. 181, 186-87, 300 P.3d 124, 128 (2013).

---

[1]SFR asserts that an abuse-of-discretion standard applies because the district court struck certain of Chase's arguments regarding the applicable statute of limitations. The supporting record citation SFR directs the court to, however, merely shows that the district court allowed SFR to argue that Chase's argument was untimely, not that the district court struck Chase's argument. And, although SFR argues Chase waived certain arguments regarding the applicable statute of limitations, we have previously considered arguments that were not raised in the district court when the issue presents solely a question of law and the interests of judicial economy warrant resolving the issue. *See Nev. Power Co. v. Haggerty*, 115 Nev. 353, 365 n.9, 989 P.2d 870, 877 n.9 (1999) ("As the interpretation of the statute is solely a question of law, rather than requiring the [party] to raise the issue in district court in a summary judgment motion, in the interests of judicial economy, we have chosen to address [it] at this time.").

*HERA's statute of limitation applies even if the FHFA and the entities it regulates are not parties*

We first address the threshold question of whether HERA dictates the statute of limitations in this case. HERA's statute-of-limitations provision applies to actions brought by the FHFA. 12 U.S.C. § 4617(b)(12). Confronted with an argument that the provision thus did not apply to this action brought by Chase, the district court found that HERA's limitations provision applied regardless of whether the FHFA brought the action or was joined as a party. We agree with the district court.

As we have already held, a loan servicer such as Chase can raise the Federal Foreclosure Bar on the FHFA's behalf without joining the FHFA or the regulated entity that owns the loan as a party to the action. *Nationstar*, 133 Nev. at 251, 396 P.3d at 758. That is so because HERA allows the FHFA to authorize a loan servicer to act on its behalf by contracting with the loan servicer or relying on the regulated entity's contractual relationship with a loan servicer, such that the contractually authorized loan servicer has standing to take action to protect the FHFA's interests. *See id.* at 250, 396 P.3d at 757 (holding that the broad language "such action" in 12 U.S.C. § 4617(b)(2)(D) would include allowing contracted servicers to act to protect an asset owned by a regulated entity that is under an FHFA conservatorship). It thus follows that, when the contractually authorized loan servicer brings an action to protect the FHFA's interests as conservator of a regulated entity, the same statute of limitations would apply as if the FHFA had brought the action itself. *See M & T Bank v. SFR Invs. Pool 1, LLC*, 963 F.3d 854, 857-58 (9th Cir. 2020) (agreeing with the parties that HERA governs the statute of limitations that applies to an FHFA loan servicer's action raising the Federal Foreclosure Bar). We therefore hold that, regardless of whether the FHFA, Freddie Mac, or

SUPREME COURT
OF
NEVADA

(O) 1947A

Fannie Mae is joined as a party, HERA's statute of limitations governs an action brought by a mortgage loan servicer to enforce the Federal Foreclosure Bar. Having determined that the timeliness of Chase's action is governed by HERA's statute-of-limitations provision, we must now determine the appropriate limitations period.

*Chase's claims sound in contract, and therefore a six-year limitations period applies*

The HERA statute-of-limitations provision asks whether the action brings a contract claim or a tort claim, 12 U.S.C. § 4617(b)(12), even "if neither description is a perfect fit."[2] *M & T*, 963 F.3d at 858 (recognizing that HERA's statute of limitations "applies to all [actions] brought by the FHFA as conservator," even though it bases the applicable limitations period on whether the action is contract- or tort-based); *FHFA v. UBS Ams. Inc.*, 712 F.3d 136, 143-44 (2d Cir. 2013) (holding that Congress clearly intended HERA's statute of limitations provision "to apply to *all* [actions] brought by [the] FHFA as conservator" and that it "supplants any other time limitations that otherwise might have applied"); *see also Nat'l Credit Union Admin. Bd. v. RBS Sec., Inc.*, 833 F.3d 1125, 1131 (9th Cir. 2016) (concluding that an identically worded statute made Congress's intent "clear that no other limitations period applie[d]" to the action brought).

---

[2]In this regard, *Berberich v. Bank of America, N.A.*, 136 Nev. 93, 460 P.3d 440 (2020), provides no guidance. In that case, we addressed the statute of limitations that applied to an action brought by the party who purchased the subject property at an HOA foreclosure sale to quiet title to the property. *Id.* at 94, 460 P.3d at 441. Because that case did not involve an action brought by the FHFA or its contractually authorized loan servicer, HERA did not dictate the applicable statute of limitations.

One cannot dispute that no contract exists between SFR and Chase. And Chase's complaint neither alleged a breach of duty by SFR or any other party below, nor sought damages based on injury to a person or property, "two of the traditional hallmarks of a torts action." *M & T*, 963 F.3d at 858. The contract and tort descriptions thus are not a good fit for the claims in Chase's complaint. Faced with the same dilemma, the Ninth Circuit Court of Appeals has looked to "whether a claim is better characterized as sounding in contract or tort." *Id.*; *see also FHFA v. LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d 1101, 1109 (D. Nev. 2019) (explaining the analysis as "perform[ing] the square-peg-in-round-hole task" of determining whether an action seeking to enforce the Federal Foreclosure Bar fell "into the contract or tort bucket"), *vacated in part on other grounds on reconsideration*, No. 2:17-cv-03006-JAD-EJY, 2019 WL 6828293 (D. Nev. Dec. 13, 2019).

After careful examination, we agree with the courts that have concluded that claims seeking to enforce the Federal Foreclosure Bar sound more in contract than in tort. The key distinction between a tort and a contract claim is whether the alleged harm could have been realized without a contract. *Stanford Ranch, Inc. v. Md. Cas. Co.*, 89 F.3d 618, 625 (9th Cir. 1996). Despite the lack of a contract between SFR and Chase, "the quiet title claims [asserted by Chase] are entirely 'dependent' upon Freddie Mac's lien on the Property, an interest created by contract." *M & T*, 963 F.3d at 858; *see also Ditech Fin. LLC v. SFR Invs. Pool 1, LLC*, 380 F. Supp. 3d 1089, 1094 (D. Nev. 2019) ("At bottom, this action concerns the viability of [the] lien interests against the Propert[y]. As [the] lien[ was] created by contract, an action to enforce [it] is necessarily a 'contract action.'"). As a federal district court has explained, the mortgage "lien is the hook that

allows [the loan servicer] to seek a declaration that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Freddie Mac's deed of trust. . . . Indeed, the point of the . . . suit is to marshal and protect Freddie Mac's asset: a mortgage contract secured by a deed of trust." *LN Mgmt.*, 369 F. Supp. 3d at 1110. And to the extent there is any lingering doubt about whether Chase's claims are better characterized as sounding in contract or tort, federal law dictates that we cede to the characterization that results in the longer limitations period.[3] *See Wise v. Verizon Commc'ns Inc.*, 600 F.3d 1180, 1187 n.2 (9th Cir. 2010) (espousing the federal policy to apply the longer limitations period "[w]hen choosing between multiple potentially-applicable statutes"); *see also M & T*, 963 F.3d at 858 (using this policy to further support its decision to apply the statute of limitations for contract claims to the servicer's attempt to enforce the Federal Foreclosure Bar). Here, HERA provides a longer limitations period for contract claims than it does for tort claims. *See* 12 U.S.C. § 4617(b)(12).

HERA provides that if the claim sounds in contract, the statute of limitations is either six years or "the period applicable under State law," whichever is longer. 12 U.S.C. § 4617(b)(12)(i). Nevada law also imposes a six-year statute of limitations on an action arising out of a contract. NRS

---

[3]To the extent Nevada law would dictate a different approach, we must interpret HERA in accordance with federal law. *See Vincent Murphy Chevrolet Co. v. United States*, 766 F.2d 449, 451 (10th Cir. 1985) (holding that a federal statute "must be interpreted in accordance with principles of federal law").

11.190(1)(b). We therefore conclude that Chase had six years from the foreclosure sale to bring its claims.[4]

Applying a six-year statute of limitations, Chase timely brought its action seeking to protect the FHFA's interest by enforcing the Federal Foreclosure Bar regardless of whether the operative filing date is that of the original complaint or the amended complaint.[5] The district court therefore erred in entering summary judgment in SFR's favor based on the statute of limitations. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 731, 121 P.3d 1026, 1031 (2005) (providing that summary judgment is only appropriate when the facts are not in dispute "and the moving party is entitled to judgment as a matter of law").

*Chase adequately proved Freddie Mac's ownership of the mortgage loan*

SFR argues that, even if this court finds that Chase timely commenced the action, we should affirm the summary judgment because Chase failed to prove Freddie Mac's interest in the mortgage loan secured by the first deed of trust. Below, SFR moved to strike certain evidence Chase provided in support of its summary judgment motion regarding Freddie Mac's ownership of the loan, arguing that Chase improperly disclosed the evidence after discovery closed. The district court granted the

_____

[4]SFR and Chase agree that Chase's claim "accrued" for purposes of triggering HERA's limitations period on the date of the foreclosure sale.

[5]As stated above, HERA mandates the application of a statute of limitations to an FHFA servicer's action seeking to enforce the Federal Foreclosure Bar. And, having concluded that a six-year statute of limitations applies, we need not address Chase's argument that the Federal Foreclosure Bar is merely a legal theory. That argument would only be relevant if Chase filed its amended complaint outside HERA's six-year statute of limitations, in order to determine whether the amended complaint related back to the original complaint and was therefore timely.

motion. SFR argues on appeal that without the stricken evidence, the district court's finding that Freddie Mac owns the subject loan lacks the evidentiary support necessary to affirm summary judgment in Chase's favor. Chase argues that the district court abused its discretion in granting the motion to strike. Chase alternatively argues that even without the late-disclosed documents, it presented sufficient evidence to show Freddie Mac's ownership of the loan.

We agree with SFR that the district court did not abuse its discretion in granting SFR's motion to strike the untimely disclosed evidence.[6] *See Capanna v. Orth*, 134 Nev. 888, 894-95, 432 P.3d 726, 733-34 (2018) (reviewing a district court's decision to admit untimely disclosed evidence for an abuse of discretion). An abuse of discretion occurs only when "no reasonable judge could reach a similar conclusion under the same circumstances." *Leavitt v. Siems*, 130 Nev. 503, 509, 330 P.3d 1, 5 (2014). Here, despite Chase's claims that SFR knew before the close of discovery that Chase was relying on the Federal Foreclosure Bar, Chase did not disclose certain of the evidence to prove Freddie Mac's ownership of the subject loan until after discovery closed, and it did not seek to reopen discovery. Chase provided no substantial justification for the late disclosure, and we are not convinced that consideration of the evidence

---

[6]Chase argues that the district court's striking of its evidence constituted case-concluding sanctions, but that argument is misplaced. The district court did not strike the evidence as a sanction, it struck the evidence because Chase disclosed it after discovery closed. And, in any event, Chase fails to demonstrate how striking the evidence was "case concluding." *See Bahena v. Goodyear Tire & Rubber Co.*, 126 Nev. 606, 615 n.6, 245 P.3d 1182, 1188 n.6 (2010) (defining "case concluding sanctions" as ones "in which the complaint is dismissed or the answer is stricken as to both liability and damages").

despite its late disclosure would be harmless. *See* NRCP 37(c)(1) (providing that evidence that is not timely disclosed may still be admitted if the party provides substantial justification for the late disclosure or the late disclosure is harmless); *Pizzaro-Ortega v. Cervantes-Lopez*, 133 Nev. 261, 265, 396 P.3d 783, 787-88 (2017) (discussing NRCP 37(c)(1)).

We now must determine whether the remaining evidence showed Chase's entitlement to summary judgment. Summary judgment requires the moving party to present evidence to show that it is entitled to judgment as a matter of law. *Wood*, 121 Nev. at 731, 121 P.3d at 1031; *see also Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007) ("If the moving party will bear the burden of persuasion, that party must present evidence that would entitle it to a judgment as a matter of law in the absence of contrary evidence."). We conclude that Chase met its evidentiary burden. Chase presented a sworn declaration from an employee familiar with its business records regarding the subject loan stating that Freddie Mac purchased the loan in 2006 and still owned it. The employee's declaration further stated that Chase had serviced the loan on Freddie Mac's behalf since Freddie Mac purchased the loan. The employee also authenticated Chase's business records, including a loan transfer history showing the sale of the loan to Freddie Mac and screenshots from another database regarding Chase's status as the loan's servicer. Absent any evidence controverting the declaration or a challenge to the business records' accuracy, this evidence is sufficient to show Freddie Mac's ownership of the subject loan. *See Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 234-36, 445 P.3d 846, 850-51 (2019) (discussing the evidence demonstrating Freddie Mac's ownership of a loan, including a declaration from the servicer and screenshots of the servicer's business records, and

recognizing that the party challenging the accuracy of such evidence "bore the burden of showing that their declarations or the printouts were *not* trustworthy"); *see also* NRS 51.135 (providing that business records are admissible "unless the source of information or method or circumstances of preparation indicate lack of trustworthiness"); *Cuzze*, 123 Nev. at 602-03, 172 P.3d at 134 (explaining the moving and opposing parties' respective burdens of production and persuasion on summary judgment). And we are not convinced by SFR's argument that the district court's factual findings on this point were insufficient such that we must remand for additional findings. *Cf. Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 785-86, 312 P.3d 479, 483 (2013) (indicating that remand may be appropriate when a procedurally defective order "precludes adequate review").

## CONCLUSION

The district court correctly determined that neither the FHFA nor Freddie Mac needed to be joined as a party for HERA's statute-of-limitations provision to apply to Chase's action seeking to enforce the Federal Foreclosure Bar. The district court erred, however, in applying a three-year limitations period. Because Chase's claims seeking to enforce the Federal Foreclosure Bar are best characterized as sounding in contract, a six-year statute of limitations applies. Chase's action therefore was timely filed. Accordingly, we reverse the district court's grant of summary judgment in SFR's favor based on the statute of limitations. And because Chase demonstrated that Freddie Mac owned the loan even without the late-disclosed evidence struck by the district court, we remand for the district court to enter judgment in favor of Chase such that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing the first deed of trust and SFR therefore took the property subject to that deed of trust. *See Christine View*, 134 Nev. at 272-74, 417 P.3d at 367-68; *Pink v.*

*Busch*, 100 Nev. 684, 691, 691 P.2d 456, 461 (1984) ("[U]pon reversal, where the material facts have been fully developed . . . and are undisputed such that the issues remaining are legal rather than factual, we will . . . remand the case to the lower court with directions to enter judgment in accordance with the opinion . . . .").

_____, J.
Stiglich

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Silver

