UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BANK OF AMERICA, N.A.,

    Plaintiff-counter-
    defendant-Appellee,

 v.

LOS PRADOS COMMUNITY
ASSOCIATION; NEVADA
ASSOCIATION SERVICES, INC.,

    Defendants,

 and

SATICOY BAY LLC SERIES 5328
LOCHMOR,

    Defendant-counter-claimant-
    Appellant.

No.   20-15582

D.C. No.
2:16-cv-00917-RFB-BNW
District of Nevada,
Las Vegas

ORDER

Before: WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

The Memorandum Disposition filed on March 16, 2021 is amended as follows.

The sentence on pages 4-5 stating <"Because Saticoy was not a party to the deed of trust nor a successor in interest to a party, it does not have standing to assert the statute of frauds."> is replaced with: <"Because Saticoy was neither a party to the assignment of the loan nor a party to the loan servicing agreement, nor

1

a successor in interest to either such party, it does not have standing to assert the statute of frauds as a defense to Fannie Mae's enforcement of its interest.">. The sentence on page 5 stating <"Fannie Mae's omission from the deed of trust thus poses nor bar to preemption."> is replaced with: <"Fannie Mae's omission from the deed of trust or other recorded documents thus poses no bar to enforcement of its interest against Saticoy.">.

With those amendments, the panel unanimously votes to deny the petition for panel rehearing. The petition for rehearing is **DENIED**.

A future petition for rehearing en banc will be permitted under the usual deadline outlined in Federal Rule of Appellate Procedure 35(c).

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF AMERICA, N.A., | No. 20-15582 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:16-cv-00917-RFB-BNW |
| v. | AMENDED MEMORANDUM[*] |
| LOS PRADOS COMMUNITY ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC., | |
| Defendants, | |
| and | |
| SATICOY BAY LLC SERIES 5328 LOCHMOR, | |
| Defendant-counter-claimant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted March 12, 2021[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Before: WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Appellee Bank of America, N.A. (BANA) brought a quiet title action against appellant Saticoy Bay LLC Series 5328 Lochmor (Saticoy) in connection with a property Saticoy had purchased at a foreclosure sale. At summary judgment, BANA presented evidence that the Federal National Mortgage Association (Fannie Mae), for which it had acted as a loan servicer, held an enforceable interest in the property that was not extinguished by the sale. The district court agreed with BANA. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In May 2002, two homeowners refinanced their Nevada home by taking out a loan from the CIT Group/Consumer Finance, Inc. (CIT). The homeowners and CIT executed a deed of trust that secured the promissory note on the loan. CIT later assigned its beneficial interest in the deed of trust to Countrywide Home Loans, Inc. (Countrywide). In September 2002, Fannie Mae bought the loan, which included the note and the deed of trust. In 2008, Countrywide merged into BANA, which began servicing the loan for Fannie Mae. Also in 2008, the Federal Housing Finance Authority (FHFA) placed Fannie Mae into conservatorship, thereby succeeding to all of Fannie Mae's rights in its assets. 12 U.S.C. § 4617(b)(2)(A). FHFA assets are protected by a statute known as the Federal Foreclosure Bar, which provides that "[n]o property of the [FHFA] shall be subject

2

to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FHFA]." *Id.* § 4617(j)(3).

Years later, the homeowners fell behind on their assessment payments to their homeowners' association (the HOA). The HOA placed a lien on their home. Under Nevada law as it was in effect in 2013, the portion of an HOA lien on a property that consisted of the past nine months of unpaid monthly assessments had superpriority status over all other liens, including the first deed of trust. Nev. Rev. Stat. § 116.3116. Accordingly, the HOA and its agent, Nevada Association Services, Inc. (NAS) foreclosed on the home. Saticoy purchased the property at the foreclosure sale on March 8, 2013.

BANA sued the HOA, NAS, and Saticoy for quiet title and declaratory judgment, arguing that Fannie Mae's interest in the property was not extinguished by the foreclosure sale because FHFA's consent had not been obtained. Saticoy counterclaimed for quiet title. The district court ruled for BANA, holding that Fannie Mae had proved that it owned the loan in March 2013 and that § 4617(j)(3) preempts Nevada's HOA lien superpriority scheme.

Saticoy makes numerous assertions on appeal, none of which has merit.

As an initial matter, and contrary to Saticoy's contentions, BANA's claim is timely. The six-year statute of limitations prescribed in § 4617(b)(12)(A) applies to quiet title claims that invoke the Federal Foreclosure Bar, including those

brought by servicers. *M & T Bank v. SFR Invs. Pool 1, LLC*, 963 F.3d 854, 858 (9th Cir. 2020); *see also JPMorgan Chase Bank, N.A. v. SFR Invs. Pool 1, LLC*, 475 P.3d 52, 55-56 (Nev. 2020). Although it was only in its amended complaint that BANA raised the Federal Foreclosure Bar as support for its claim, that pleading relates back to the original complaint, which itself was timely filed within six years of the foreclosure sale. *See* Fed. R. Civ. P. 15(c) (providing for relation back of a claim "that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading"); *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

Turning to the merits, it is well settled that the Federal Foreclosure Bar preempts Nevada's HOA lien superpriority scheme. *Berezovsky v. Moniz*, 869 F.3d 923, 930-31 (9th Cir. 2017); *see also JPMorgan Chase*, 475 P.3d at 54 (citing *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n* (*Christine View*), 417 P.3d 363, 366-68 (Nev. 2018)). Because FHFA never consented to the foreclosure sale, Fannie Mae retains an interest in the property to which Saticoy's interest is subject. Saticoy's arguments to the contrary are unavailing.

Saticoy contends that because there was no "signed writing" indicating Fannie Mae's interest, that interest is unenforceable under the statute of frauds and Nevada's recording statute. Because Saticoy was neither a party to the assignment of the loan nor a party to the loan servicing agreement, nor a successor in interest

4

to either such party, it does not have standing to assert the statute of frauds as a defense to Fannie Mae's enforcement of its interest. *Harmon v. Tanner Motor Tours of Nev., Ltd.*, 377 P.2d 622, 628 (Nev. 1963). And Nevada law allows an entity's servicer rather than the entity to be listed as the record beneficiary in a deed of trust. *Berezovsky*, 869 F.3d at 932; *Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 847 (Nev. 2019) ("First, we consider whether Freddie Mac must be identified as the beneficiary on the publicly recorded deed of trust to establish its ownership interest in the subject loan. We hold that Nevada's recording statutes impose no such requirement."). Fannie Mae's omission from the deed of trust or other recorded documents thus poses no bar to enforcement of its interest against Saticoy.

Saticoy further argues that the evidence BANA produced at summary judgment was insufficient to prove Fannie Mae owned the loan at the time of sale. But we have held that the exact evidence BANA produced—printouts from Fannie Mae's database showing that it owned the loan in March 2013; a Fannie Mae employee declaration affirming BANA's status as Fannie Mae's servicer and attesting to the accuracy of the printouts; and excerpts from Fannie Mae's servicer guide detailing its legal relationship with its servicers—is sufficient to prove an entity's ownership of a loan. *Berezovsky*, 869 F.3d at 932-33; *accord Daisy Tr.*, 445 P.3d at 850.

5

Finally, Saticoy argues that FHFA's consent should be implied because it did not affirmatively refuse to consent, nor were there procedures for requesting FHFA's consent at the time of the sale. This argument is squarely foreclosed by precedent, *see Berezovsky*, 869 F.3d at 929 (holding that "[t]he Federal Foreclosure Bar does not require [FHFA] to actively resist foreclosure"), as Saticoy should have known from its previous litigation, *see Christine View*, 417 P.3d at 368 (citing *Berezovsky* to reject this very argument that had been asserted by Saticoy).

**AFFIRMED.**