IN THE SUPREME COURT OF THE STATE OF NEVADA

NATIONSTAR MORTGAGE LLC; AND
WELLS FARGO BANK, N.A.,
Appellants,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 81315

FILED

NOV 10 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Jacqueline M. Bluth, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.* 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

We recently held in *JPMorgan Chase Bank, National Ass'n v. SFR Investments Pool 1, LLC*, 136 Nev. 596, 600-01, 475 P.3d 52, 56-57 (2020), that 12 U.S.C. § 4617(b)(12)'s six-year limitation period applies to any action brought to enforce the Federal Foreclosure Bar. Consequently, appellants' amended complaint asserting the Federal Foreclosure Bar was timely even if it did not relate back to appellants' original complaint, and

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

the district court's judgment was therefore erroneous. Accordingly, we reverse the district court's order granting summary judgment.[2]

Appellants contend that they are entitled to a judgment in their favor on remand. Respondent counters that the parties on remand should be permitted to submit briefing on issues pertaining to Fannie Mae's ownership of the secured loan and appellants' status as the loan servicer, as respondent "was not able to provide this evidence to the District Court because [respondent] prevailed on the statute of limitations argument." We disagree. Simply because respondent *chose not to* provide such evidence in conjunction with its summary judgment motion practice does not mean that respondent *was not able* to provide such evidence if respondent possessed it.[3] Moreover, we reject respondent's argument that it should be permitted to submit briefing on remand regarding the potential relevance of the United States Supreme Court's opinion in *Collins v. Yellen*, 141 S. Ct. 1761 (2021). Respondent has not identified any place in the district court record wherein respondent previously raised any *Collins*-related issues, despite respondent having had the opportunity to make arguments similar to those asserted by the plaintiffs in *Collins*. *Cf. Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (arguments raised for the first time on appeal need not be considered); NRAP 28(a)(10), (b) (requiring appellate briefs to cite to portions of the record on which the party is relying).

---

[2]In light of our reversal of this order, the parties' arguments regarding the district court's denial of appellants' NRCP 59(e) motion are moot.

[3]Respondent does not dispute that the original district court judge granted respondent an NRCP 56(d) continuance to conduct discovery into similar issues.

Accordingly, we conclude that on remand, appellants are entitled to a judgment in their favor without the need for additional briefing. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____ C.J.
Hardesty

_____ , J.
Stiglich

_____ Sr. J.
Gibbons

cc:   Hon. Jacqueline M. Bluth, District Judge
John Walter Boyer, Settlement Judge
Snell & Wilmer, LLP/Tucson
Snell & Wilmer, LLP/Las Vegas
Kim Gilbert Ebron
Fennemore Craig P.C./Reno
Eighth District Court Clerk

---

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

3