IN THE SUPREME COURT OF THE STATE OF NEVADA

DITECH FINANCIAL LLC, F/K/A
GREEN TREE SERVICING, LLC, A
FOREIGN LIMITED LIABILITY
COMPANY,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 81949

FILED

DEC 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an interpleader and quiet title action. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.* 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

The district court granted summary judgment for respondent, determining that the HOA's foreclosure sale extinguished the first deed of trust. In so doing, the district court rejected appellant's argument that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) prevented the deed of trust from being extinguished. According to the district court, the evidence appellant introduced to show Fannie Mae owned the loan secured by the deed of trust was "wholly unconvincing."

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

Z1-35991

After the district court entered its judgment, this court decided *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 234-36, 445 P.3d 846, 850-51 (2019), which held that evidence similar to that produced by appellant in this case was sufficient to establish Freddie Mac's or Fannie Mae's ownership of a secured loan. The district court's judgment is erroneous in light of *Daisy Trust.*

Respondent contends that we should nevertheless affirm because appellant did not sufficiently demonstrate its status as Fannie Mae's loan servicer, in that appellant did not produce the loan servicing agreement or the promissory note. We disagree. *Daisy Trust* expressly held that production of the loan servicing agreement or promissory note is unnecessary, 135 Nev. at 234-36, 445 P.3d at 850-51, and respondent has neglected to cite *Daisy Trust* whatsoever, much less explain why this case is distinguishable. Nor are we persuaded by respondent's related argument that this court's decision in *JPMorgan Chase Bank, National Ass'n v. SFR Investments Pool 1, LLC*, 136 Nev. 596, 475 P.3d 52 (2020), "altered the legal landscape" such that *Daisy Trust* has implicitly been overturned. Accordingly, we reverse the district court's summary judgment in favor of respondent.

Appellant contends that it is entitled to a judgment in its favor on remand. Respondent counters that it should be permitted to seek money damages on remand based on the United States Supreme Court's opinion in *Collins v. Yellen*, 141 S. Ct. 1761 (2021). Respondent does not explain from whom it wishes to seek money damages, nor does respondent explain why it was unable to previously make arguments similar to those asserted by the plaintiffs in *Collins*. Accordingly, we conclude that on remand,

SUPREME COURT
OF
NEVADA

(O) 1947A

appellant is entitled to a judgment in its favor without the need for additional discovery or briefing. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, C.J.
Hardesty

_____, J.
Herndon

_____, Sr J.
Gibbons

cc:    Hon. Scott N. Freeman, District Judge
       Lansford W. Levitt, Settlement Judge
       Wolfe & Wyman LLP
       Kim Gilbert Ebron
       Washoe District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.