# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC, A DELAWARE LIMITED LIABILITY COMPANY,
Respondent.

No. 82078

FILED

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.[1]

In a previous appeal, we vacated the district court's summary judgment in favor of respondent. *See SFR Invs. Pool 1, LLC v. Nationstar Mortg., LLC*, No. 75890, 2019 WL 5490994 (Nev. Oct. 24, 2019) (Order Vacating and Remanding). We did so because we could not determine whether the district court had addressed the merits of appellant's motion to strike, which sought to exclude Dean Meyer as a witness and his accompanying declaration from evidence. *Id.* at *1.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

22-13638

On remand, appellant deposed Mr. Meyer, after which both parties again sought summary judgment and appellant again sought to strike Mr. Meyer's declaration and supporting documents. The district court again granted summary judgment for respondent, concluding that respondent was servicing the loan secured by the first deed of trust on behalf of Freddie Mac, such that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) prevented the HOA's foreclosure sale from extinguishing the deed of trust. *Cf. Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018) (holding that the Federal Foreclosure Bar preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). In doing so, the district court denied appellant's motion to strike, reasoning that respondent's late disclosure of Mr. Meyer as a witness was harmless in light of appellant's ability on remand to depose him. NRCP 37(c)(1) (2005) (recognizing that discovery sanctions are not warranted if an untimely disclosure was harmless).

Appellant again contends that the district court abused its discretion by denying its motion to strike and by instead considering Mr. Meyer's declaration and supporting evidence. *See Foster v. Dingwall*, 126 Nev. 56, 65, 227 P.3d 1042, 1048 (2010) (reviewing a district court's decision regarding discovery sanctions for an abuse of discretion); *Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 234, 445 P.3d 846, 850 (2019) (reviewing a district court's decision to admit evidence for an abuse of discretion). In particular, appellant contends that even though it was able to depose Mr.

SUPREME COURT
OF
NEVADA

(O) 1947A

Meyer, appellant was still harmed because Mr. Meyer did not produce and was not prepared to discuss the original promissory note or the loan servicing agreement between respondent and Freddie Mac. We are not persuaded by this argument, as *Daisy Trust* expressly held that production of these documents is unnecessary. 135 Nev. at 234-36, 445 P.3d at 850-51. Nor are we persuaded by appellant's related argument that this court's decision in *JPMorgan Chase Bank, National Ass'n v. SFR Investments Pool 1, LLC*, 136 Nev. 596, 475 P.3d 52 (2020), "altered the legal landscape" such that *Daisy Trust* has implicitly been overturned. Accordingly, the district court was within its discretion to consider Mr. Meyer's declaration and supporting evidence to support its conclusion that Freddie Mac owned the loan secured by the deed of trust at the time of the HOA's foreclosure sale.

Appellant alternatively contends that remand is necessary because it should be able to seek money damages based on the United States Supreme Court's opinion in *Collins v. Yellen*, 141 S. Ct. 1761 (2021).[2] We decline appellant's invitation to remand again, as appellant raised its *Collins*-based argument for the first time on appeal, and appellant has not explained why it was unable to previously make arguments similar to those asserted by the plaintiffs in *Collins*. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (recognizing that this court need not consider arguments raised for the first time on appeal); *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38

---

[2]*Collins* held that the Housing Economic Recovery Act's for-cause restriction on the President's ability to remove the FHFA's Director violated the separation-of-powers doctrine, but also concluded that the Director still had authority to carry out the functions of the office. 141 S. Ct. at 1788.

(2006) (observing that it is appellant's responsibility to present cogent arguments). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, Sr. J.
Gibbons

cc:     Hon. Mary Kay Holthus, District Judge
        Hanks Law Group
        Jacqueline A. Gilbert
        Troutman Pepper Hamilton Sanders LLP/Atlanta
        Fennemore Craig P.C./Reno
        Eighth District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.