# DOROTHY LUCEY, Appellant, *v.* FIRST NATIONAL BANK OF NEVADA, Respondent.

No. 3939

March 7, 1957

307 P.2d 774

(Rehearing denied April 1, 1957.)

*Harry E. Claiborne,* of Las Vegas, for Appellant.

*Goldwater & Singleton,* of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, C. J.:

This is an appeal by the plaintiff from a judgment for defendant in a personal injury suit tried to the court without a jury. Appellant contends that under the admitted facts the court erred as a matter of law (1) in holding that respondent's agent was not negligent in his operation of the car in question, (2) in holding that plaintiff was guilty of negligence and (3) that her injuries were proximately caused thereby. The appeal, however, involves essentially a question of fact and we have concluded that the finding of appellant's negligence and that it was a proximate cause of the injury finds substantial support in the evidence.

It appears that the defendant bank maintained a parking lot 50 feet wide next to its premises in Las Vegas for the use of its customers. No plat of this parking lot is in evidence, but a rough sketch of the lot was drawn on the trial court's blackboard, and counsel drew a similar sketch at the argument before us. Counsel for both parties accepted it. It shows a lot adjoining the north side wall of the bank with some marked parking stalls on either side, a free space in the center, and a walkway along the bank wall between two and one-half and three feet wide, edged with a 6x6 timber which serves both to keep the cars on a uniform line and to separate the walkway from the parking area. The bank fronts east on Fifth Street and there is entrance to the parking lot both on such street and on the alley that abuts the bank and the parking lot on the west. The lines marking off the stalls are at a slight angle from the bank wall and also from the opposite side of the lot. That is, they approach them almost at a right angle.

Donald Brown, an employee of the bank, had entered the parking lot in his car and parked his car against the walkway in the first stall on the east and had then entered the bank. Later in the morning, engaged on bank business, he left the bank, entered his car, looked to the right and left, started his engine, and without a warning

from his horn and without looking to the rear either directly or through his rear vision mirror, started to back out in order to leave the lot by way of the Fifth Street exit. He backed about three feet, heard a cry, stopped immediately, got out, and found that the right side of his rear bumper had struck plaintiff just below the knee. Plaintiff had her one-year old baby in her arms. Walking through the parking lot's open center space she had been on her way to her own car, likewise parked by the north wall of the bank, with one or two or three empty stalls between Brown's car and hers. She had been in the bank on business, and we may assume that her status was that of an invitee on the parking lot. She testified that she was struck as she was approaching the front left door of her car and at a point four or five feet from it. Brown knew that pedestrians were accustomed to walk in the open space of the lot.

We do not find it necessary to discuss appellant's contention that under these circumstances it was error for the court to find that defendant's employee was not negligent. We may indeed assume, for the purposes of this opinion, that he was negligent. After finding that Brown was not negligent in the operation of his car, the court found further: "4. That on August 6, 1952, Donald Brown, acting for the defendant as aforesaid, left the First National Bank and proceeded to enter his automobile after examining the premises and looking to his right and left to determine the presence of anyone, and then and there backed his automobile a distance of three feet from its position in the parking lot owned by the defendant; that theretofore, the plaintiff had knowledge of and observed said Donald Brown and had moved into such a position so as to be in the rear of the automobile of Donald Brown as he proceeded to back said automobile.

"7. It is true that plaintiff, Dorothy Lucey, was careless and negligent in the manner in which she conducted herself on said parking lot so as to place herself in a

position of peril in walking behind the automobile of Donald Brown.

"8. It is true that, notwithstanding this knowledge on the part of the plaintiff Dorothy Lucey, she voluntarily placed herself in a position of peril without the knowledge of said Donald Brown and after said Donald Brown had acted prudently and reasonably to determine if any persons were on the premises before operating his vehicle.

"9. The Court finds that the injuries of the plaintiff, Dorothy Lucey, resulting from said accident were approximately caused by her own carelessness and negligence in so placing herself with knowledge then and there of the facts as hereinbefore found.

"10. The Court further finds that whatever injuries or damages were sustained by plaintiff, Dorothy Lucey, were caused in whole or in part or were contributed to by reason of the negligence of the plaintiff, Dorothy Lucey."

If these findings that the plaintiff was negligent and that her negligence was the proximate cause of the injuries are supported by substantial evidence, the judgment must be affirmed. Evidence which the court was entitled to believe, and which it obviously did believe, was to the following effect. Appellant saw Brown walk out of the bank and walked out directly behind him. She saw Brown get into his car and heard him start his motor. Instead of using the walkway or otherwise avoiding going into an area of obvious peril, she walked behind his car. Though he backed out at moderate speed, proceeded only three feet, and stopped immediately when he heard appellant scream, she had not had sufficient time to clear his car. The court in its decision said: "The evidence further shows that the defendant's employee, Brown, came out of the bank, looked in the direction of his automobile, got into his automobile, looked to the right, and looked to the left, and saw no one, and proceeded to back his car, and backed it about three feet when he heard the scream. When he heard a scream he

got out of the car and found that he had hit the plaintiff, that his car had hit the plaintiff.

"The testimony further shows that the plaintiff must have come out of the bank and proceeded to go to her automobile after the employee Brown had come out of the bank. In other words, the plaintiff followed the employee Brown and she, instead of walking down the path-way proceeded to walk behind the parked automobiles to get to her car.

"She testified that at the time of the accident she was standing along side of her car, parked near the rear of the parking lot. From a physical standpoint it would be impossible for Brown to go three feet and back the car and strike the person of the plaintiff near her car in the manner in which the evidence shows the car was situated. In order to do so he would have had to back his car out in a northerly direction and turned it so it would then proceed in a westerly direction and then proceed in a southerly direction to hit the plaintiff standing near her automobile. In other words, he would almost have to make a half circle.

"The best testimony is he only proceeded about three feet and immediately stopped when he heard her scream, and that is the most logical because if he intended to leave the position in which his automobile was parked and go out on business he would go out on Fifth Street, and so he would only have to back out in a northerly direction and proceed forward with his car out on Fifth Street. * * * [I]t seems to me that the plaintiff acted without due caution when she walked behind this car and was struck by the back end of the car by Mr. Brown in the manner in which, in my opinion, the evidence shows the accident occurred."

On motion for new trial on the ground of newly discovered evidence, appellant's counsel stated to the court: "At [the time of trial] we only had two witnesses and it was one word against the other." That apparently was the situation. As we noted in the recent case of Heric v. Christensen, 73 Nev. 6, 306 P.2d 769, the court

apparently rejected plaintiff's version of what had caused the accident and adopted defendant's version.

Appellant also assigns error in the denial of her motion for new trial made on the ground of newly discovered evidence. More precisely, she claims the final discovery of a witness whose presence was not available at the trial although efforts had been made to locate him. It is apparent that the court regarded that the testimony of such witness would simply have been in corroboration of the plaintiff's testimony as to how the accident occurred, and thus simply cumulative in this respect, whereas in his findings and decision he found and decided that it was a physical impossibility for the accident to have occurred in the manner asserted by plaintiff. It cannot be said that the testimony of the newly found witness was such as "to make it probable that a different result would be obtained in another trial" or that the new evidence was such as to "be of a decisive and conclusive character or at least such as to render a different result reasonably certain". Whise v. Whise, 36 Nev. 16, 24, 131 P. 967, 969, 44 L.R.A., N.S., 689. The motion was addressed to the sound discretion of the court, Bramlette v. Titus, 70 Nev. 305, 267 P.2d 620, and we see in its denial no abuse of discretion.

There being substantial evidence to support the court's finding that plaintiff's negligence was the proximate cause of the accident and no error appearing, the judgment is affirmed with costs.

EATHER AND MERRILL, JJ., concur.