136 Nev., Advance Opinion 10

IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH BERBERICH,
Appellant,
vs.
BANK OF AMERICA, N.A.; AND
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
Respondents.

No. 76457

**FILED**

MAR 2 6 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

Appeal from a district court order granting a motion to dismiss a quiet title action under the statute of limitations. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

*Reversed and remanded.*

The Law Office of Mike Beede, PLLC, and Michael N. Beede and James W. Fox, Henderson,
for Appellant.

Akerman LLP and Ariel E. Stern, Natalie L. Winslow, and Scott R. Lachman, Las Vegas,
for Respondents.

Kim Gilbert Ebron and Jacqueline A. Gilbert and Karen L. Hanks, Las Vegas,
for Amicus Curiae SFR Investments Pool 1, LLC.

BEFORE THE COURT EN BANC.

 
20-11557

## OPINION

By the Court, SILVER, J.:

Appellant Kenneth Berberich purchased property at a homeowners' association foreclosure sale. Nearly six and a half years later, Berberich filed a quiet title action, seeking a judicial declaration that the foreclosure extinguished the deed of trust that secured the prior homeowner's mortgage. In this appeal, we consider whether the action was barred by NRS 11.080 because Berberich had been in possession of the property for more than five years before commencing the action to quiet title to the property. We conclude that the limitations period in NRS 11.080 does not run against an owner who is in undisputed possession of the land. As the complaint does not establish whether, or when, possession was disturbed here, the district court erred in dismissing Berberich's complaint under NRCP 12(b)(5). We therefore reverse and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

In 2009, Connie Fernandez borrowed $197,359 from Bank of America, N.A. (BANA) to purchase a home (the property) in a neighborhood governed by the Via Valencia/Via Ventura Homeowners Association (the HOA). BANA secured the loan with a deed of trust recorded against the property. Fernandez thereafter stopped paying the HOA assessments, and the HOA recorded a notice of default in November 2010.

BANA's loan servicer requested a breakdown of the delinquent assessments on the property. The HOA's agent provided that breakdown, which showed that Fernandez owed $300 in HOA assessments, among other charges and fees. The loan servicer tendered $300 in satisfaction of the delinquent assessments, but the HOA rejected the tender and continued

 

with the foreclosure sale. Berberich purchased the property at the foreclosure sale in August 2011 for $4,101.

In January 2018, nearly six and a half years after the foreclosure sale, Berberich filed a quiet title action against Fernandez, BANA, and Mortgage Electronic Registration Systems, Inc. (MERS) (collectively BANA), seeking a judicial declaration that the HOA foreclosure extinguished the deed of trust and an injunction prohibiting the defendants from attempting to foreclose on the deed of trust. BANA moved to dismiss under NRCP 12(b)(5), arguing Berberich's complaint was untimely under NRS 11.080. Relying on *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A. (Gray Eagle)*, 133 Nev. 21, 388 P.3d 226 (2017), BANA asserted that the limitation period in NRS 11.080 began to run when Berberich purchased the property in 2011 and therefore Berberich's complaint was time-barred. Berberich opposed the motion and filed a countermotion for summary judgment. There, he alleged that NRS 11.080 did not bar his quiet title action because, by its plain language, it does not apply to a party in possession of the real property. The district court granted BANA's motion to dismiss and denied Berberich's countermotion for summary judgment. Berberich appeals.[1]

## DISCUSSION

The district court may dismiss an action under NRCP 12(b)(5) for failure to state a claim upon which relief can be granted when the action is barred by the statute of limitations. *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1024, 967 P.2d 437, 439 (1998). We review an order doing so de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670,

---

[1]Although Fernandez was a defendant below, only BANA and MERS are respondents on appeal.

 

672 (2008) (stating the standard of review for an order granting a motion to dismiss under NRCP 12(b)(5)).

We have previously stated that NRS 11.080 provides a five-year statute of limitations that governs quiet title actions.[2] *Las Vegas Dev. Grp., LLC v. Blaha*, 134 Nev. 252, 257, 416 P.3d 233, 237 (2018); *Gray Eagle*, 133 Nev. at 27, 388 P.3d at 232; *see also Kerr v. Church*, 74 Nev. 264, 272-73, 329 P.2d 277, 281 (1958) (indicating that NRS 11.080 applies to actions to quiet title). The issue here is when that limitations period is triggered. As such, the dispositive issue in this appeal turns on the interpretation of NRS 11.080. When interpreting a statute, "we first consider and give effect to the statute's plain meaning because that is the best indicator of the Legislature's intent." *Dezzani v. Kern & Assocs., Ltd.*, 134 Nev. 61, 64, 412 P.3d 56, 59 (2018). In considering the statute's plain meaning, we must keep in mind the surplusage canon: "'If possible, every word and every provision' in a statute 'is to be given effect[. . . .] None should be ignored [or] given an interpretation that causes it to duplicate another provision or to have no consequence.'" *Wilson v. Happy Creek, Inc.*, 135 Nev., Adv. Op. 41, 448 P.3d 1106, 1112 (2019) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 174 (2012) (second alteration in original)).

NRS 11.080 provides in relevant part that "[n]o action for the recovery of real property, or for the recovery of the possession thereof . . . , shall be maintained, unless it appears that the plaintiff or the plaintiff's ancestor, predecessor or grantor was seized or possessed of the premises in question, within 5 years before the commencement thereof." The statute is

---

[2]The parties agree that NRS 11.080 creates a statute of limitations that applies to quiet title actions.

focused on ownership or possession of real property. *See S. End Mining Co. v. Tinney*, 22 Nev. 19, 35-36, 35 P. 89, 94 (1894) (interpreting the word "seized" as used in the phrase "seized or possessed" in a statute similar to NRS 11.080 and concluding that "seized" must "mean[ ] something different from simple possession of a claim," and "[i]f so, it must mean . . . an ownership in fee, for this is the only other kind of ownership known to the law"). Addressing NRS 11.080 recently, we said that it "provides for a five-year statute of limitations for a quiet title action *beginning* from the time the 'plaintiff or the plaintiff's ancestor, predecessor or grantor was seized or possessed of the premises in question.'" *Gray Eagle*, 133 Nev. at 27, 388 P.3d at 232. Now taking a closer look at the statute's plain language, we clarify that the limitations period provided by NRS 11.080 only starts to run when the plaintiff has been deprived of ownership or possession of the property.

The statute talks about an "action for the *recovery* of real property" or "for the *recovery* of the possession thereof." NRS 11.080 (emphases added). Around the time the statute was enacted, the word "recovery" generally meant "the restoration or vindication of a right existing in a person . . . or the obtaining . . . of some right or property which has been taken or withheld from him."[3] *Recovery, Black's Law Dictionary* (2d ed. 1891). A person does not need to recover something unless it has first been taken away. In the same vein, the statute uses the past tense with respect to the limitations period: that the plaintiff "*was* seized or possessed" of the property within five years before commencing the action. NRS 11.080

---

[3]That definition remains the same today. *Recovery, Black's Law Dictionary* (11th ed. 2019) (defining "recovery" as "[t]he regaining or restoration of something lost or taken away").

SUPREME COURT
OF
NEVADA

(O) 1947A

(emphasis added). The past tense in that part of the statute reinforces the perspective that the plaintiff is no longer seized or in possession of the property. Thus, considering the statutory text as a whole, we conclude the limitations period in NRS 11.080 does not run against a plaintiff seeking to quiet title while still seized or possessed of the property.[4] *See Kerr*, 74 Nev. at 272-73, 329 P.2d at 281 (indicating in dicta that NRS 11.080 did not apply where the plaintiff was in joint possession of the property "up to the very time when he commenced his action" to set aside a deed based on fraud and failure of consideration).

Consistent with this understanding of NRS 11.080, the limitations period is triggered when the plaintiff is ejected from the property or has had the validity or legality of his or her ownership or possession of the property called into question. *See, e.g., Salazar v. Thomas*, 186 Cal. Rptr. 3d 689, 695 (Ct. App. 2015) (discussing the general rule in California, which has a statute almost identical to NRS 11.080, *see* Cal. Civ. Proc. Code § 318, that "whether a statute of limitations bars an action to quiet title may turn on whether the plaintiff is in *undisturbed* possession of the land" (quoting *Mayer v. L&B Real Estate*, 185 P.3d 43, 46 (Cal. 2008))). "[M]ere notice of an adverse claim is not enough to commence the owner's statute of limitations." *Id.* at 696; *see also Crestmar Owners Ass'n v. Stapakis*, 69 Cal. Rptr. 3d 231, 234 (Ct. App. 2007) ("[T]he statute of

---

[4]A number of other jurisdictions have held that *no* statute of limitation bars an action to quiet title where the plaintiff is in undisturbed ownership or possession. *See, e.g., Cook v. Town of Pinetop-Lakeside*, 303 P.3d 67, 70 (Ariz. Ct. App. 2013) (stating that "statute of limitations does not run against a plaintiff bringing a quiet title action who is in undisturbed possession of his property"); *Bangerter v. Petty*, 225 P.3d 874, 877-79 & n.8 (Utah 2009) (so holding and listing cases from other jurisdictions).

 

limitations for an action to quiet title does not begin to run until someone presses an adverse claim against the person holding the property."). Thus, for example, a notice of default issued on a deed of trust has been found insufficient to dispute an owner's possession because it does "not call into question the validity of [the owner's] control of the property" or "indirectly question [the owner's] control of the property by asserting [someone else] was entitled to possess the [property]." *Salazar*, 186 Cal. Rptr. 3d at 698.

Here, the district court understandably relied on *Gray Eagle* to conclude that the limitations period in NRS 11.080 began to run against Berberich when he acquired the subject property at the foreclosure sale. But in doing so, the district court did not consider the fact that the statute of limitations ran from the time Berberich's ownership or possession of the property was disputed. As we clarify today, that is the crucial inquiry. We therefore reverse the district court's order granting BANA's motion to dismiss.[5]

## CONCLUSION

NRS 11.080 generally does not bar a property owner who is in possession of the property from bringing a claim for quiet title. But the limitations period does begin to run against a property owner once the owner has notice of disturbed possession. Here, the facts alleged in the complaint do not establish whether, or when, Berberich received notice of

---

[5]In light of our decision, we do not reach the parties' other arguments.

disturbed possession. We therefore reverse the district court's dismissal order and remand for further proceedings consistent with this opinion.

_____, J.
Silver

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

