# IN THE SUPREME COURT OF THE STATE OF NEVADA

OLGA MORRISSEY,
Appellant,
vs.
JOSEPH J. RIZZO,
Respondent.

No. 80213

OLGA MORRISSEY,
Appellant,
vs.
JOSEPH J. RIZZO,
Respondent.

No. 81143

**FILED**

MAY 14 2021

*ORDER OF AFFIRMANCE*

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

These are consolidated appeals from judgment after bench trial in a quiet title and contract action and a district court order denying a motion for a new trial. Eighth Judicial District Court, Clark County; Jacqueline M. Bluth, Judge.

Appellant, Olga Morrissey, and respondent, Joseph Rizzo, were friends for many years. Morrissey purchased a home in Las Vegas (the property) and placed Rizzo on the title as a joint tenant, with the intent that Rizzo would receive the home after she died. The parties also shared a joint banking account, which Rizzo withdrew money from to build a pool in his home's backyard.[1]

After their friendship ended, Morrissey brought a quiet title action to remove Rizzo from the property's title and a breach of contract action to recover the money that Rizzo used for the pool. Morrissey moved for partial summary judgment on the quiet title claim, but the district court denied the motion, finding that Morrissey's claim was barred by NRS

---

[1]The parties dispute whether the money was a loan or a gift.

21-13901

11.080's five-year statute of limitations. Following trial, the district court declined to partition the property or order Rizzo to compensate Morrissey for his 50 percent ownership. As to the pool, the district court found that Morrissey failed to establish that she had an oral contract with Rizzo to loan him money, and even if she had established that a contract existed, she did not establish that the money for the pool came from the joint bank account.

Two months later, Morrissey filed a motion for a new trial based on newly discovered evidence: a one-page ledger allegedly tracking Rizzo's withdrawals from the joint checking account and his attempts to repay those monies. Rizzo's roommate, Katheryn Schwartzman, gave Morrissey the ledger after the trial. Morrissey argued the ledger demonstrated Rizzo acknowledged his indebtedness. The district court denied Morrissey's motion for a new trial, finding Morrissey did not use reasonable diligence to locate Schwartzman, the ledger would not prove Morrissey had an oral contract with Rizzo to repay the monies used for the pool, and the ledger did not demonstrate how much money Morrissey and Rizzo deposited into their joint bank account. Morrissey challenges both the district court's denial of summary judgment and denial of a new trial.

First, Morrissey argues the district court erred by denying summary judgment and refusing to remove Rizzo from the property title, asserting that the nature of the document is immaterial and a testamentary document depends solely on intent, her clear intent was to create a testamentary gift to Rizzo, testamentary gifts are necessarily revocable, and NRS 11.080's statute of limitations does not apply to testamentary gifts. Rizzo argues Morrissey's quiet title claim violated NRS 11.080's statute of limitations.

We review "a district court's grant [or denial] of summary judgment de novo, without deference to the findings of the lower court." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate when there is no genuine issue as to any material fact and "the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks omitted). "[W]hen reviewing a motion for summary judgment, the evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party." *Id.*

We have carefully reviewed Morrissey's arguments and our prior caselaw, and we conclude Morrissey's arguments fail under the facts present in this case. This case does not present a question of whether an ambiguous instrument is a testamentary one; instead, Morrissey entered into an unambiguous legal ownership agreement: a joint tenancy. We are constrained to apply the law relevant to that legal ownership agreement. And relevant here, NRS 11.080 establishes a five-year statute of limitations on quiet title claims. *Berberich v. Bank of Am., N.A.*, 136 Nev. 93, 95, 460 P.3d 440, 442 (2020). The statute of limitations "starts to run when the plaintiff has been deprived of ownership or possession of the property." *Id.* at 96, 460 P.3d at 442 ("A person does not need to recover something unless it has first been taken away.").

The record shows us that Rizzo acquired an interest, and Morrissey was deprived of part of her interest, in the property on August 1, 2012, when the joint tenancy deed was recorded. At that point, Morrissey had been deprived of a portion of her ownership, and that portion of her ownership is what she later sought to recover in the subject lawsuit. Morrissey filed her complaint on October 20, 2017, more than five years

after the deed was recorded. Accordingly, the statute of limitations bars Morrissey's quiet title claim.[2]

Second, Morrissey argues the district court abused its discretion in denying her motion for a new trial because she presented a newly discovered handwritten ledger supporting her claim that Rizzo owed her money for the pool. Morrissey argues she could not have discovered the ledger even with reasonable diligence. Rizzo argues that Morrissey did not exercise reasonable diligence when she did not attempt to locate Schwartzman and that the ledger would not change the outcome of trial.

"We review a district court's decision to deny a new trial motion for an abuse of discretion." *Wyeth v. Rowatt*, 126 Nev. 446, 460, 244 P.3d 765, 775 (2010). NRCP 59(a)(1)(D) requires the movant to show that she "could not, with reasonable diligence, have discovered and produced [the material, newly discovered evidence] at the trial." *See DeLee v. Roggen*, 111 Nev. 1453, 1456-57, 907 P.2d 168, 169-70 (1995) (determining that a party did not exhibit reasonable diligence where he could have anticipated a witness's adverse testimony and discovered and produced the discovered documentary evidence). This court also requires that the newly discovered evidence probably would have led to a different result in another trial. *Lucey v. First Nat'l. Bank of Nev.*, 73 Nev. 64, 69, 307 P.2d 774, 776 (1957).

Here, Schwartzman, Rizzo's roommate, gave Morrissey the handwritten ledger two months after trial. Morrissey argues she could not have found the ledger in time for trial because Rizzo testified that Schwartzman lived in Seattle and had never lived in his house even though her name was on the title. Although Rizzo falsely testified that

---

[2]In light of our decision, we do not address Morrissey's remaining arguments on this point.

Schwartzman lived in Seattle, Morrissey failed to do more than ask about her at trial and conduct a basic internet search. Therefore, Morrissey did not exhibit reasonable diligence.

Additionally, we conclude Morrissey fails to show the ledger probably would have produced a different result in a new trial. The ledger appears to track Rizzo's withdrawals from the joint checking account, including the $35,000 for the pool, and monies Rizzo may have credited against that balance. Nevertheless, Morrissey failed to prove at trial that Rizzo had a contractual duty to repay the money, and the ledger likewise fails to show an oral contract. And because neither party provides bank statements to confirm who deposited money into the joint account, the ledger does not prove that Rizzo actually borrowed that money from Morrissey, as his name was on the account and he claimed to deposit money into the account. Therefore, we conclude the district court properly denied Morrissey's motion for a new trial.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

---

[3]In light of our decision, we do not address Rizzo's argument regarding the timeliness of Morrissey's motion for a new trial.

cc: Hon. Jacqueline M. Bluth, District Judge
Carolyn Worrell, Settlement Judge
Kenneth W. Long
Bohn & Trippiedi
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A