# IN THE SUPREME COURT OF THE STATE OF NEVADA

KAREN LEWIS,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; AND SOUTHERN
HIGHLANDS COMMUNITY
ASSOCIATION, A NEVADA NON-
PROFIT CORPORATION,
Respondents.

No. 82131

FILED

DEC 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from district court order granting a motion to dismiss in a real property matter. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.[1]

In 2009, appellant Karen Lewis paid respondent Southern Highlands Community Association $1,115.79 in an attempt to cure the default on her HOA assessments. However, Southern Highlands proceeded to foreclose on the property in 2012, at which respondent SFR Investments purchased the property. Thereafter, litigation ensued between SFR and the beneficiary of the deed of trust that secured the property regarding the validity of the HOA's foreclosure sale. *See Wells Fargo Bank, N.A. v. Southern Highlands Cmty. Ass'n*, Eighth Judicial Dist. Court, Case No. A-13-683554-C. Although Lewis was initially named as a defendant in that case and was served with a copy of both the deed of trust beneficiary's

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-35988

Complaint as well as SFR's Answer and Counterclaim,[2] she did not make an appearance, and all claims purportedly asserted against her were voluntarily dismissed by 2015.

In 2016, the district court in the *Wells Fargo* case entered a judgment setting aside the foreclosure sale on the ground that Lewis's payment to Southern Highlands cured the default, such that the foreclosure sale was void.[3] On appeal, however, this court reversed the judgment, reasoning that Lewis had failed to pay amounts that had accrued in addition to her $1,115.79 payment, such that she had not fully cured the default and that the foreclosure sale was therefore valid. *See SFR Invs. Pool 1, LLC v. Wells Fargo Bank, N.A.*, No. 70471, 2018 WL 6609670, at *1 (Nev. Dec. 13, 2018) (Order of Reversal and Remand).[4]

In 2020, Lewis filed the underlying action against SFR and Southern Highlands. As relevant to this appeal, Lewis's complaint alleged that Southern Highlands had wrongfully foreclosed on her property in 2012 because she was not in default and because Southern Highlands failed to mail the Notice of Trustee's Sale to her Pennsylvania address. Her complaint additionally alleged that SFR "wrongfully took possession" of the property in 2013 but that she regained possession of and title to the

---

[2]Although Lewis denies being served with these documents, the record in this case contains affidavits of service attesting that she was personally served with these documents at her Pennsylvania address.

[3]Although this judgment does not reference Lewis, she contends that the judgment's practical effect was to reinstate her as the titleholder and possessor of the subject property. Neither Southern Highlands nor SFR meaningfully dispute that contention.

[4]The record reflects that, on remand, SFR and the deed of trust beneficiary stipulated to dismiss the *Wells Fargo* case.

property following the district court's 2016 judgment in the *Wells Fargo* case. Finally, she alleged that SFR wrongfully evicted her and destroyed her property in 2019 following this court's disposition in Docket No. 70471. Her complaint asserted 13 claims generally pertaining to these allegations, including claims for (1) quiet title, (2) "void documents," (3) declaratory relief, and (4) unjust enrichment.

Southern Highlands filed an NRCP 12(b)(5) motion to dismiss, arguing that Lewis's claims either did not pertain to Southern Highlands or that the claims were untimely under what Southern Highlands believed to be the statute of limitations applicable to those claims, all of which, according to Southern Highlands, accrued at the latest when Lewis was served with the pleadings in the *Wells Fargo* case. In particular, Southern Highlands argued (1) Lewis's claim for quiet title was governed by NRS 11.080's five-year limitations period; (2) Lewis's claim for "void documents" was not a legally cognizable claim and, to the extent that it was, it was subject to NRS 11.190(3)(a)'s three-year limitations period; (3) Lewis's claim for "declaratory relief" was governed by the same limitations period as the underlying substantive claim for quiet title; and (4) Lewis's claim for unjust enrichment either did not pertain to Southern Highlands or, to the extent that it did pertain to Southern Highlands, it was subject to NRS 11.190(2)(c)'s four-year limitations period. Southern Highlands additionally asked the district court to take judicial notice of various documents, including the affidavits of service from the *Wells Fargo* case.[5]

In opposition, Lewis argued generally that the "discovery rule" tolled any applicable limitations periods. As for her quiet title claim, she

---

[5]SFR filed a joinder to Southern Highlands' motion.


SUPREME COURT
OF
NEVADA

(O) 1947A

3

argued that NRS 11.080's five-year limitations period did not accrue until 2019 when SFR wrongfully evicted her because the 2016 judgment in the *Wells Fargo* case invalidating Southern Highlands' foreclosure sale had the effect of reinstating Lewis as the owner and possessor of the property. With no explanation, Lewis made the same argument regarding her "void documents" claim. Lewis did not address her declaratory relief claim. As for her unjust enrichment claim, Lewis argued that claim was viable against SFR but made no argument as to its viability against Southern Highlands.

At a hearing, the district court sought clarification regarding the bases for Lewis's claims. Lewis reiterated her argument regarding the quiet title claim, suggested that the "void documents" claim applied only to SFR, again did not address the declaratory relief claim, and again made no argument as to her unjust enrichment claim's viability against Southern Highlands. Thereafter, the district court entered an order granting Southern Highlands' motion in its entirety, including Southern Highlands' request for judicial notice. It determined that Lewis's quiet title claim was time-barred by NRS 11.080, which accrued in 2012 at the time of Southern Highlands' foreclosure sale. In so doing, the district court reasoned that the 2016 judgment in the *Wells Fargo* case did not toll the limitations period because that judgment did not end the *Wells Fargo* litigation and the judgment was ultimately reversed by this court. The district court ruled that Lewis's "void documents" claim was time-barred and, alternatively, that the claim was not asserted against Southern Highlands (consistent with Lewis's suggestion at the hearing). The district court also ruled that the declaratory relief claim was governed by the same limitations period as the underlying substantive claim for quiet title and was likewise time-

SUPREME COURT
OF
NEVADA

(O) 1947A

4

barred. The district court further ruled that the unjust enrichment claim was time-barred and, alternatively, that the claim was not asserted against Southern Highlands.

Lewis then filed a motion for reconsideration with respect to the district court's order granting Southern Highlands' NRCP 12(b)(5) motion. Therein, she reiterated her argument that her possession of and title to the property from 2016 to 2019 reset NRS 11.080's five-year limitations period and that her quiet title claim was timely. She also argued that her "void documents" claim was not subject to *any* statute of limitations. Relatedly, she argued that her declaratory relief claim was not subject to *any* statute of limitations. Additionally, she argued that she *had* asserted an unjust enrichment claim against Southern Highlands.

At a hearing on her motion, the district court commented that Lewis was "trying to bring up new legal arguments which isn't necessarily a proper basis for reconsideration." Thereafter, the district court entered an order denying Lewis's motion for reconsideration against Southern Highlands, as well as an order granting SFR's motion to dismiss Lewis's quiet title claim as time-barred. This appeal followed.

On appeal Lewis argues (1) her "void documents" claim was not subject to any statute of limitations, (2) her declaratory relief claim was not subject to any statute of limitations, and (3) she had asserted an unjust enrichment claim against Southern Highlands. She additionally argues (4) her quiet title claim was timely[6] because (a) NRS 11.080's five-year

---

[6]In her reply brief, Lewis contends that she is arguing that *all* her claims were timely. However, Lewis's opening brief coherently argues only that her quiet title claim was timely. *Cf. Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing

limitation period was reset in 2016 once she regained possession of and title to the property, but even if the limitation period was not reset (b) the district court erroneously relied on documents outside of the allegations in her complaint to determine when she was on notice of her quiet title claim.[7]

As for arguments 1, 2, and 3, we conclude that the district court was within its discretion in declining to consider those arguments, as they were raised for the first time in Lewis's motion for reconsideration. *See Arnold v. Kip*, 123 Nev. 410, 417, 168 P.3d 1050, 1054 (2007) (observing that a district court has discretion in deciding to consider the merits of arguments made for the first time in a motion for reconsideration); *Achrem v. Expressway Plaza Ltd.*, 112 Nev. 737, 742, 917 P.2d 447, 450 (1996) ("Points or contentions not raised in the original hearing cannot be maintained or considered on rehearing."); *see also AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010) (reviewing a district court's decision on a motion for reconsideration for an abuse of discretion).

The first part of appellant's fourth argument implicates this court's decision in *Berberich v. Bank of America, N.A.*, 136 Nev. 93, 97, 460 P.3d 440, 443 (2020), which addressed when a quiet title claim accrues for purposes of triggering NRS 11.080's five-year limitations period.

---

that it is a party's responsibility to present cogent arguments supported by salient authority).

[7]Lewis's argument regarding the district court's reliance on documents outside of her complaint primarily pertains to the district court's finding that she was in default on her HOA dues. Lewis does not explain how this purportedly erroneous finding has any bearing on the validity or timeliness of her claims, nor is any explanation self-evident, and we therefore decline to address this specific component of her argument.

Specifically, *Berberich* clarified that "the limitations period in NRS 11.080 does not run against a plaintiff seeking to quiet title while still seized or possessed of the property," but that "the limitations period is triggered when the plaintiff is ejected from the property or has had the validity or legality of his or her ownership or possession of the property called into question." *Id.* at 96-97, 460 P.3d at 442-43. According to Lewis, because she was "seized" and "possessed" of the property from 2016 to 2019, NRS 11.080 was not triggered until 2019, even though her complaint explicitly alleged that "in 2013, SFR wrongfully took possession of the Property" following the 2012 foreclosure sale.

Lewis's argument takes *Berberich* out of context because *Berberich* did not address a situation in which a property owner was ejected from property but then subsequently regained possession of the property. Thus, *Berberich*'s comment that "the limitations period . . . does not run against a plaintiff . . . while still seized or possessed of the property" does not stand for the proposition that NRS 11.080's limitations period is reset if a property owner who has previously been ejected from the property subsequently regains possession of the property. 136 Nev. at 96-97, 460 P.3d at 442-43. Rather, in its appropriate context, *Berberich* stands for the proposition that "the limitations period is triggered when the plaintiff is [*initially*] ejected from the property or has had the validity or legality of his or her ownership or possession of the property called into question." *Id.* at 97, 460 P.3d at 443. Accordingly, the district court correctly determined that the district court's judgment in the *Wells Fargo* case did not have the effect of tolling or resetting NRS 11.080's five-year period.

The second part of appellant's fourth argument implicates this court's "discovery rule," which recognizes that "the statutory period of

limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Petersen v. Bruen*, 106 Nev. 271, 274, 792 P.2d 18, 20 (1990). According to Lewis, the district court improperly considered documents outside of the allegations in her complaint to determine that she "discovered" her quiet title claim at the time of Southern Highlands' 2012 foreclosure sale and that NRS 11.080's five-year period was triggered at that point. *Cf. Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (recognizing that when considering an NRCP 12(b)(5) motion, the court must "recognize all factual allegations in [the plaintiff's] complaint as true and draw all inferences in its favor"). We agree with Lewis to the extent that the district court disregarded the allegations in her complaint that she was never served with the Notice of Trustee's Sale before the 2012 foreclosure and, by implication, that she was unaware that the sale took place when it did.[8] Nonetheless, Lewis's own complaint demonstrated that she "discovered" her quiet title claim at the latest when "in 2013, SFR wrongfully took possession of the Property." Given that Lewis was on notice of Southern Highlands' foreclosure by 2013 once SFR evicted her and/or her tenant from the property, she had five years from that time to assert a quiet title claim, thereby rendering her 2020 quiet title claim time-barred.[9] Accordingly, we

---

[8]The district court's order does not specify what documents it relied upon in determining that Lewis "discovered" her quiet title claim in 2012.

[9]SFR specifically raised this argument in its answering brief. Lewis has not argued in her reply brief that her tenant failed to notify her that SFR had taken possession of the property in 2013, such that Lewis's quiet title claim may have accrued at a later date. *Cf. Ozawa v. Vision Airlines, Inc.*, 125 Nev. 556, 563, 216 P.3d 788, 793 (2009) (recognizing that failure

affirm the district court's dismissal of her quiet title claim. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm the district court on any ground supported by the record, even if not relied upon by the district court). Consistent with the foregoing, we

ORDER the judgment of the district court AFFIRMED.[10]

_____, C.J.
Hardesty

_____, J.           _____, Sr.J.
Herndon                        Gibbons

cc:   Hon. Eric Johnson, District Judge
      Carolyn Worrell, Settlement Judge
      Cory Reade Dows & Shafer
      Alverson Taylor & Sanders
      Kim Gilbert Ebron
      Eighth District Court Clerk

to respond to an argument can be treated as a confession that the argument is meritorious).

[10]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.