# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC SERIES 8149
PALACE MONACO,
Appellant,
vs.
WELLS FARGO BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
THE STRUCTURED ADJUSTABLE
RATE MORTGAGE LOAN TRUST,
PASS-THROUGH CERTIFICATES
SERIES 2005-11,
Respondent.

No. 81453

FILED

MAY 20 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.[1]

The district court granted summary judgment for respondent, concluding that the first deed of trust survived the HOA's 2013 foreclosure sale. As the basis for its conclusion, the district court found that respondent produced evidence showing that the former homeowner made payments on his outstanding balance and that the HOA's agent allocated those payments to the superpriority portion of the HOA's lien, thereby curing the default as

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

22-16029

to that portion of the lien. *Cf. 9352 Cranesbill Tr. v. Wells Fargo Bank (Cranesbill), N.A.*, 136 Nev. 76, 78-80, 459 P.3d 227, 230-31 (2020) (holding that a homeowner, and not just a first deed of trust beneficiary, can cure a superpriority default so long as the homeowner's payments are allocated to that portion of the HOA's lien).

Appellant contends that reversal is warranted because (1) respondent did not produce sufficient evidence showing that the homeowner's payments were allocated to the superpriority portion of the HOA's lien, (2) appellant was protected as a bona fide purchaser, or (3) respondent's 2018 quiet title counterclaim was time-barred. We disagree with appellant's first two arguments but conclude that remand is necessary to determine whether respondent's counterclaim was timely.[2]

With respect to appellant's first argument, respondent contends that it produced evidence in the form of "Payoff Allocation Report[s]" from the HOA's agent showing that the agent allocated the homeowner's payments to the superpriority portion of the HOA's lien. And to combat appellant's sole argument in district court that respondent needed to produce evidence *directly from the HOA* showing how *the HOA* would have allocated the payments, respondent relied on the HOA's interrogatory responses wherein it stated that it in essence deferred to its agent's allocation policy. We conclude that this evidence is sufficient to show that the HOA chose to allocate the homeowner's payments to the superpriority

---

[2]In light of these conclusions, we need not address the parties' remaining arguments.

portion of the HOA's lien.[3] *See Cranesbill*, 136 Nev. at 80-81, 459 at 231-32 (recognizing that if the debtor does not choose how to allocate the payments, the creditor has the right to choose how to allocate the payments).

With regard to appellant's second argument that it is a bona fide purchaser and that evidence of the payment needed to be recorded, we recently reiterated that those arguments are inapposite because satisfying the superpriority portion of an HOA's lien preserves a first deed of trust as a matter of law and does not constitute a "conveyance" that needs to be recorded.[4] *See Saticoy Bay LLC Series 133 McLaren v. Green Tree Servicing LLC*, 136 Nev., Adv. Op. 85, 478 P.3d 376, 379 (2020) ("While a court's authority to look beyond a foreclosure deed in a quiet title action is an inherent equitable power, a valid superpriority tender cures a default '*by operation of law*'—that is, without regard to equitable considerations." (internal citation omitted)); *id.* (rejecting the argument that evidence of a tender needs to be recorded because "[t]endering the superpriority portion

---

[3]For the first time on appeal, appellant contends that the agent's allocation contradicted the homeowner's choice regarding how to allocate the payments, as is purportedly reflected in a June 2013 "Payment Agreement" between the homeowner and the agent. Even if this argument were not waived, *see Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), it lacks merit because the homeowner's May 2013 payment shown on the agent's May 2013 "Payment Allocation Report" preceded the June 2013 "Payment Agreement" and was itself sufficient to satisfy the superpriority portion of the HOA's lien.

[4]To the extent appellant suggests that this holding somehow contradicts the foreclosure deed's recital that there was a "default," we note that this recital remains accurate even after the superpriority default has been cured because the subpriority portion of an HOA's lien remains in default.

of an HOA lien does not create, alienate, *assign*, or surrender an interest in land" (quoting *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 609, 427 P.3d 113, 119 (2018))). Accordingly, the district court correctly determined that the superpriority portion of the HOA's lien was satisfied before the foreclosure sale.

With regard to appellant's third argument, we recently held in *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 138 Nev., 503 P.3d 299 (2022), that NRS 11.220's four-year limitations period governs a deed of trust beneficiary's quiet title claim in situations such as in this case. We further held that an HOA's foreclosure sale itself is not sufficient to trigger the limitations period and that, instead, "the statute of limitations should not run against a lienholder until it has something closely analogous to 'notice of disturbed possession,' such as repudiation of the lien." *Id.* at 306 (quoting *Berberich v. Bank of Am., N.A.*, 136 Nev. 93, 97, 460 P.3d 440, 443 (2020)). Thus, under *Thunder Properties*, we are unable to determine as a matter of law whether respondent's 2018 counterclaim challenging the effect of the HOA's 2013 foreclosure sale was timely. *Cf. Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. 246, 253, 277 P.3d 458, 463 (2012) ("The appropriate accrual date for the statute of limitations is a question of law only if the facts are uncontroverted." (internal alteration and quotation marks omitted)). Accordingly, we reverse the district court's judgment in favor of respondent and remand for consideration of appellant's statute-of-limitations argument in light of *Thunder Properties*. Consistent with the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[5]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, Sr. J.
Gibbons

cc:    Hon. Ronald J. Israel, District Judge
       TRILAW
       Law Offices of Michael F. Bohn, Ltd.
       Troutman Pepper/Atlanta
       Wright, Finlay & Zak, LLP/Las Vegas
       Eighth District Court Clerk

---

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.