# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TYRONE KEITH ARMSTRONG,<br>Appellant,<br>vs.<br>U.S. BANK NATIONAL ASSOCIATION,<br>AS TRUSTEE FOR STRUCTURED<br>ASSEST SECURITIES CORPORATION<br>MORTGAGE PASS-THROUGH<br>CERTIFICATES, SERIES 2007-BC3;<br>OCWEN LOAN SERVICING, LLC; PHH<br>MORTGAGE CORPORATION; AND<br>WESTERN PROGRESSIVE-NEVADA,<br>INC.,<br>Respondents. | No. 83545<br><br>**FILED**<br><br>AUG 11 2022<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is a pro se appeal from a district court order granting summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.[1]

Appellant filed the underlying action asserting claims for quiet title, wrongful foreclosure, slander of title, and declaratory relief. The district court granted summary judgment for respondents on all of appellants' claims on the ground that they were time-barred by the applicable statute of limitations. Appellant does not challenge on appeal the summary judgment as to the claims for wrongful foreclosure, slander of title, and declaratory relief. Accordingly, we affirm the district court's summary judgment insofar as it pertains to those claims. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3

---

[1]Pursuant to NRAP 34(f)(3), we have determined that oral argument is not warranted.

22-25207

(2011) (recognizing that this court does not address issues that are not raised in an opening brief).

With respect to appellant's quiet title claim, the district court concluded that it was time-barred by NRS 11.080's five-year limitations period. In doing so, it reasoned that the five-year period was triggered in 2010 when respondents and their predecessors recorded a Notice of Default against appellant's property in relation to a deed of trust that purportedly secured a loan for the property.

We agree with appellant that the district court erred in determining that the 2010 Notice of Default triggered the five-year limitations period. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment). We held in *Berberich v. Bank of America, N.A.*, 136 Nev. 93, 97, 460 P.3d 440, 443 (2020), that "the limitations period [under NRS 11.080] is triggered when the plaintiff is ejected from the property or has had the validity or legality of his or her ownership or possession called into question." In doing so, we observed that "a notice of default issued on a deed of trust has been found insufficient to dispute an owner's possession because it does not call into question the validity of the owner's control of the property . . . by asserting someone else was entitled to possess the property." *Id.* (internal quotation marks and alterations omitted).

Here, the district court appears to have reasoned that, despite *Berberich*, the 2010 Notice of Default called into question appellant's ownership of the property because appellant disputed the validity of the loan secured by the deed of trust. However, appellant remains the undisputed owner and possessor of the property; the dispute between appellant and respondents is simply whether the property is encumbered

by a deed of trust. Thus, we conclude that under *Berberich*, the 2010 Notice of Default did not trigger NRS 11.080's five-year limitations period.[2] Moreover, respondents and their predecessors recorded a Notice of Rescission in 2012 that rescinded the 2010 Notice of Default, and we recently reaffirmed that a Notice of Rescission effectively resets the statute of limitations that is triggered by recording a Notice of Default. *See SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 138 Nev., Adv. Op. 22, 507 P.3d 194, 198 (2022) (recognizing, albeit not in the context of NRS 11.080, that a Notice of Rescission resets the statute of limitations); *Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev. 886, 892, 266 P.3d 602, 606 (2011) ("A notice of rescission renders moot disputes concerning the notice of default . . . ."). Thus, even under respondents' and the district court's interpretation of *Berberich*, any potential triggering effect that the 2010 Notice of Default had would have been negated by the 2012 Notice of Rescission. While the record in this case contains additional evidence that may support different triggering dates, we address only the issues as they have been framed by the parties.[3] *See*

---

[2]Respondents contend that under *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 138 Nev., Adv. Op. 3, 503 P.3d 299, 306 (2022), the limitations period was triggered when appellant took affirmative action to repudiate the lien. However, *Thunder Properties* did not address the triggering date for a *property owner*'s quiet title action, and it is inapposite to appellant's quiet title claim here.

[3]To the extent that the district court relied on an isolated allegation in appellant's pro se complaint to support its conclusion that the 2010 Notice of Default triggered the limitations period, we decline to affirm on this basis, particularly when that allegation is inconsistent with *Berberich* and the facts of this case, as well as when it does not appear that appellant was seeking to gain an undue advantage by including that allegation in his complaint. *Cf. Hansen v. Universal Health Servs. of Nev., Inc.*, 112 Nev.

*Senjab v. Alhulaibi*, 137 Nev., Adv. Op. 64, 497 P.3d 618, 619 (2021) ("We will not supply an argument on a party's behalf but review only the issues the parties present."). Consistent with the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Silver                                Gibbons

cc:     Hon. Mary Kay Holthus, District Judge
        Tyrone Keith Armstrong
        Houser LLP
        Fox Rothschild, LLP/Las Vegas
        Eighth District Court Clerk

---

1245, 1247-48, 924 P.2d 1345, 1346 (1996) (noting this court's preference that cases be decided on the merits).

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.