FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| M&T BANK; FEDERAL HOME LOAN MORTGAGE CORPORATION, *Plaintiffs-Appellees*, | No. 18-17395 |
| v. | D.C. No. 2:17-cv-01867-JCM-CWH |
| SFR INVESTMENTS POOL 1, LLC, *Defendant-Appellant*, | OPINION |
| and | |
| DIAMOND CREEK COMMUNITY ASSOCIATION, a Nevada Non-Profit Corporation, *Defendant*. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted June 9, 2020
San Francisco, California

Filed June 25, 2020

Before:  Milan D. Smith, Jr. and Andrew D. Hurwitz, Circuit Judges, and C. Ashley Royal,[*] District Judge.

Opinion by Judge Hurwitz

---

**SUMMARY**[**]

---

**Federal Foreclosure Bar / Statute of Limitations**

The panel affirmed the district court's summary judgment in favor of plaintiffs Federal Home Loan Mortgage Corporation ("Freddie Mac") and M&T Bank in a quiet title action concerning foreclosed real property in Nevada.

The Housing and Economic Recovery Act ("HERA") created the Federal Housing Finance Agency ("FHFA") to regulate Freddie Mac and other lending agencies, and enacted the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3) (providing that no property of FHFA shall be subject to foreclosure without the consent of the FHFA, nor shall any involuntary lien attach to the property of the FHFA).

The panel held that under 12 U.S.C. § 4617(b)(12), a quiet title action is a "contract" claim that is subject to a statute of limitations of at least six years. The panel further held that Freddie Mac and M&T Bank timely filed their quiet title action within six years of the foreclosure sale; and

---

[*] The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

Freddie Mac's deed of trust, which had been placed under the conservatorship of FHFA, survived a non-judicial foreclosure sale of a Nevada residential property to satisfy a homeowners association superpriority lien.

The panel held that although Freddie Mac and the Bank were not assignees of the FHFA, Freddie Mac was under the FHFA conservatorship, and the FHFA thus had all the rights of Freddie Mac with respect to its assets. The panel also held that although there was no contract between the purchaser and the plaintiffs, the quiet title claims were entirely "dependent" upon Freddie Mac's lien on the property, an interest created by contract.

## COUNSEL

Karen L. Hanks (argued), Jacqueline A. Gilbert, Diana S. Ebron, and Caryn R. Schiffman, Kim Gilbert Ebron, Las Vegas, Nevada, for Defendant-Appellant.

Michael A.F. Johnson (argued) and Dirk C. Philips, Arnold & Porter Kaye Scholer LLP, Washington, D.C., for Amicus Curiae Federal Housing Finance Agency.

Nathan F. Smith and Christine A. Roberts, Malcolm Cisneros, Irvine, California, for Plaintiffs-Appellees.

**OPINION**

HURWITZ, Circuit Judge:

The sole contested issue in this appeal is whether under 12 U.S.C. § 4617(b)(12), a quiet title action is a "contract" claim or a "tort" claim. If it is the former, this action is subject to a statute of limitations of at least six years, was timely filed, and the plaintiffs are entitled to summary judgment. We conclude that the statute of limitations applicable to a "contract" claim under 12 U.S.C. § 4617(b)(12)(A)(i) applies and affirm the judgment of the district court.

**I.**

Nevada law grants a homeowners association ("HOA") a "superpriority" lien on a property for unpaid assessments; that lien is superior even to a previously recorded first deed of trust. *See* Nev. Rev. Stat. § 116.3116; *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 621–22 (9th Cir. 2019) (per curiam). But, the "Federal Foreclosure Bar," 12 U.S.C. § 4617(j)(3), provides that "[n]o property of the [Federal Housing Finance Agency] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary lien attach to the property of the Agency." The Federal Foreclosure Bar preempts the Nevada superpriority lien scheme. *See Berezovsky v. Moniz*, 869 F.3d 923, 931 (9th Cir. 2017).

The underlying question in this case is whether a first deed of trust in favor of the Federal Home Loan Mortgage Corporation ("Freddie Mac"), which had been placed under the conservatorship of the Federal Housing Finance Agency ("FHFA"), survived a non-judicial foreclosure sale of a

Nevada residential property to satisfy an HOA superpriority lien. That question turns on whether plaintiffs timely filed this action.

## II.

The background facts are undisputed and largely a matter of public record. The story begins in November 2006, when an individual purchased a home in Las Vegas ("the Property") with a loan of approximately $200,000 from Universal American Mortgage Company LLC. The loan was secured by a first deed of trust. In January 2007, Freddie Mac acquired the loan and deed of trust.

In response to the 2008 financial crisis, Congress enacted the Housing and Economic Recovery Act ("HERA"), Pub. L. No. 110–289, 122 Stat. 2654 (codified at 12 U.S.C. § 4511 *et seq.*), which created the FHFA to regulate Freddie Mac and other lending agencies. In 2008, the FHFA placed Freddie Mac into conservatorship. As conservator, the FHFA has "all rights, titles, powers, and privileges" of Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). HERA also enacted the Federal Foreclosure Bar. *Id.* at § 4617(j)(3).

The Property was sold on July 20, 2012 at a nonjudicial foreclosure sale to SFR Investments Pool 1, LLC, for $5,200 to satisfy unpaid assessments by the Diamond Creek Community Association, an HOA. The FHFA, however, never consented to the extinguishment of the first deed of trust through the 2012 foreclosure sale. Therefore, in July 2017, Freddie Mac and M&T Bank, to whom Freddie Mac had assigned the deed of trust under a servicing agreement

in May 2012,[1] filed this action, seeking to quiet title in the Property and requesting a judgment that the first deed of trust remained enforceable.  The complaint asserted that the deed of trust had not been extinguished because of the Federal Foreclosure Bar and because the FHFA had never consented to the foreclosure sale.

SFR moved to dismiss the complaint, claiming that it was time-barred under the three-year statute of limitations applicable to "tort" claims in 12 U.S.C. § 4617(b)(12)(A)(ii).  In response, Freddie Mac and the Bank contended that the governing statute of limitations was the five-year statute in Nevada Revised Statutes ("N.R.S") § 11.070 applicable to "an action, founded upon the title to real property."

The district court found that the state statute applied and that the action was timely because it was filed within five years of the HOA foreclosure sale.  The court later granted summary judgment to Freddie Mac and the Bank, finding that because the FHFA never consented to the foreclosure sale, Freddie Mac's interest in the Property through the deed of trust survived under the Federal Foreclosure Bar.  SFR timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 and review the summary judgment de novo.  *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1144 (9th Cir. 2018).  We "may affirm a summary judgment on any

---

[1] The relationship between Freddie Mac and M&T Bank is governed by Freddie Mac's Single-Family Seller/Servicer Guide, which provides that Freddie Mac's servicer may serve as record beneficiary for a deed of trust owned by Freddie Mac but must assign the deed of trust back to Freddie Mac upon Freddie Mac's demand.  *See Berezovsky*, F.3d at 932–33.

ground finding support in the record." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1155 n.14 (9th Cir. 2002) (quoting *Karl Storz Endoscopy-Am., Inc. v. Surgical Techs., Inc.*, 285 F.3d 848, 855 (9th Cir. 2002)).

## III.

Although Freddie Mac and the Bank relied on N.R.S. § 11.070 below, on appeal all parties—and the FHFA as amicus—agree that the HERA statute of limitations, 12 U.S.C. § 4617(b)(12)(A), controls.[2]  That is correct.

In relevant part, HERA provides that the statute of limitations for "any action brought by the [FHFA] as conservator . . . shall be":

> (i) in the case of any contract claim, the longer of—
>
> > (I) the 6-year period beginning on the date on which the claim accrues; or
> >
> > (II) the period applicable under State law; and

---

[2] "Although the general rule in this circuit is that an appellate court will not consider an issue raised for the first time on appeal, we will reach the question if it is purely one of law and the opposing party will suffer no prejudice because of failure to raise it in the district court." *United States v. Thornburg*, 82 F.3d 886, 890 (9th Cir. 1996).  This case presents a purely legal issue that SFR treated extensively in its briefs, so we consider plaintiffs' argument regarding whether the action was time-barred under the federal statute.  *See id.*

(ii) in the case of any tort claim, the longer of—

(I) the 3-year period beginning on the date on which the claim accrues; or

(II) the period applicable under State law.

12 U.S.C. § 4617(b)(12)(A).  Although the statute refers to "any action brought by the [FHFA] as conservator," *id.*, it applies here even though the plaintiffs are Freddie Mac and the Bank, its loan servicer.

In *FDIC v. Bledsoe*, the Fifth Circuit held that that a similarly worded statute of limitations—facially applying only to actions brought by a federal agency—also applied to actions brought by a private entity acting as an assignee for the federal agency.  989 F.2d 805, 809–11 (5th Cir. 1993). The Court found that the common law was "loud and consistent," in providing that "an assignee stands in the shoes of his assignor, deriving the same but no greater rights and remedies than the assignor then possessed" and therefore receives the same limitations period as the assignor.  *Id.* at 810 (cleaned up).   We adopted the Fifth Circuit's reasoning in *United States v. Thornburg*, 82 F.3d 886, 891 (9th Cir. 1996).

We reach the same conclusion here.  Although Freddie Mac and the Bank are not assignees of the FHFA, Freddie Mac is under the FHFA conservatorship, and the FHFA thus has "all rights, titles, powers, and privileges" of Freddie Mac "with respect to [its] . . . assets."      12 U.S.C. § 4617(b)(2)(A)(i).   Like an assignee, Freddie Mac thus "stands in the shoes of" the FHFA with respect to its current claims to quiet title to the deed of trust, which is property of the conservatorship.   *Bledsoe*, 989 F.2d at 809; *see*

*Thornburg*, 82 F.3d at 891. M&T Bank, Freddie Mac's assignee, stands in the same shoes as its assignor. *See Bledsoe*, 989 F.2d at 809; *Thornburg*, 82 F.3d at 891.

## IV.

Although § 4617(b)(12)(A) only explicitly addresses "tort" and "contract" claims, it applies to all claims brought by the FHFA as conservator. *See* 12 U.S.C. § 4617(b)(12)(A) (stating that it "provides" what "the statute of limitations" "shall be" for "any action brought by the [FHFA] as conservator"). "By using these words, Congress precluded the possibility that some other limitations period might apply to claims brought by FHFA as conservator." *Fed. Hous. Fin. Agency v. UBS Ams. Inc.*, 712 F.3d 136, 142 (2d Cir. 2013); *cf. Nat'l Credit Union Admin. Bd. v. RBS Sec., Inc.*, 833 F.3d 1125, 1131 (9th Cir. 2016) ("By expressly stating that 'the' statute of limitations for 'any action' brought by the NCUA as conservator or liquidating agent 'shall be' as specified, Congress made clear that no other limitations period applies to the NCUA's claims."). Thus, if neither description is a perfect fit, we must decide when applying the statute whether a claim is better characterized as sounding in contract or in tort.

We conclude that the claims in this action are "contract" claims under 12 U.S.C. § 4617(b)(12)(A)(i). Although there is no contract between SFR and the plaintiffs, the quiet title claims are entirely "dependent" upon Freddie Mac's lien on the Property, an interest created by contract. *See Stanford Ranch, Inc. v. Md. Cas. Co.*, 89 F.3d 618, 625 (9th Cir. 1996) ("If a claim is dependent upon the existence of an underlying contract, the claim sounds in contract, as opposed to tort.") (applying California law); *see also Smith v. FDIC*, 61 F.3d 1552, 1561 (11th Cir. 1995) ("[B]ecause a mortgage lien is an interest in property created by contract, an action to

enforce that lien is clearly a contract action."). Freddie Mac and the Bank do not seek damages or claim a breach of duty resulting in injury to person or property, two of the traditional hallmarks of a torts action. *See United States v. Burke*, 504 U.S. 229, 234–35 (1992); *Prudential Ins. Co. of Am. v. L.A. Mart*, 68 F.3d 370, 375 (9th Cir. 1995).

Indeed, even if the question were closer, we would still choose the longer contract limitations period. "When choosing between multiple potentially-applicable statutes, as a matter of federal policy the longer statute of limitations should apply." *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1187 n.2 (9th Cir. 2010) (cleaned up); *see Fed. Deposit Ins. Corp. v. Former Officers & Dirs. of Metro. Bank*, 884 F.2d 1304, 1307 (9th Cir. 1989) ("This circuit has held, however, that when there is a 'substantial question' which of two conflicting statutes of limitations to apply, the court should apply the longer.").[3]

We therefore conclude that plaintiffs had at least six years to bring their claims after the foreclosure sale. Because less than six years transpired between the accrual of the cause of action in 2012 on the date of the foreclosure sale

---

[3] Contrary to SFR's contentions, *Megapulse, Inc. v. Lewis*, which stated that "the mere existence of . . . contract-related issues" does not "convert this action to one based on the contract," does not compel a contrary result. 672 F.2d 959, 969 (D.C. Cir. 1982). The issue in *Megapulse* was whether the claim presented was "clearly" a contract claim over which "the Court of Claims has exclusive jurisdiction." *Id.* at 967, 968. And, although the D.C. Circuit did not find that the claim at issue was "clearly" a contract claim, it also did not find that the claim sounded in tort. *See id.* at 971.

and the filing of this suit in 2017, the suit was not time-barred.  The judgment of the district court is **AFFIRMED**.[4]

---

[4] We grant SFR's unopposed motion for judicial notice of orders in five cases before the Eighth Judicial District of the State of Nevada.