NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | No.  20-15156 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-02829-JAD-BNW |
| v. | |
| FERRELL STREET TRUST, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| WARM SPRINGS RESERVE OWNERS ASSOCIATION; ALESSI & KOENIG, LLC, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted February 5, 2021**
San Francisco, California

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: SILER,[***] IKUTA, and NGUYEN, Circuit Judges.

Ferrell Street Trust (the Trust) timely appeals the grant of summary judgment in favor of Federal National Mortgage Association (Fannie Mae). The district court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.

Fannie Mae's action for declaratory relief is not barred by the statute of limitations because Fannie Mae filed its suit less than six years after the foreclosure sale occurred in 2012. Under the Housing and Economic Recovery Act (HERA), Fannie Mae's quiet title claims and declaratory relief claims are subject to the six-year statute of limitations for contract claims. *See M & T Bank v. SFR Invs. Pool 1, LLC*, 963 F.3d 854, 858–59 (9th Cir. 2020).

Under the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), the Trust's foreclosure sale did not extinguish Fannie Mae's first deed of trust on the

---

[***]  The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

residential property at issue here.[1]  At the time of the foreclosure sale, Fannie Mae, the owner of the promissory note, held a security interest in the property through its agent, Bank of America, which was the record beneficiary of the deed of trust. *See Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017).  Fannie Mae was not required to record its interest, either under Nev. Rev. Stat. § 111.315 or otherwise, because the acquisition of a loan does not constitute an assignment or conveyance of property that must be recorded.  *See Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 233 (2019).  Fannie Mae provided reliable evidence that it owned a security interest in the property, including business records, declarations, and relevant excerpts from Fannie Mae's Servicing Guide.  *See Berezovsky*, 869 F.3d at 932–33.  Because the Trust was not a party to Fannie Mae's acquisition of the loan, it lacks standing to raise a statute of frauds defense.  *See Easton Bus. Opp. v. Town Exec. Suites*, 126 Nev. 119, 127 n.4 (2010).[2]

---

[1]  The Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), provides that "[n]o property of the [Federal Housing Finance Agency (FHFA)] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FHFA], nor shall any involuntary lien attach to the property of the [FHFA]."  Because the FHFA placed Fannie Mae into a conservatorship, Fannie Mae's assets are deemed to be property of the FHFA for purposes of the Federal Foreclosure Bar.  *See* 12 U.S.C. § 4617(b)(2)(A)(i); *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1143 (9th Cir. 2018).

[2] Because we decide on this ground, we do not reach Fannie Mae's alternative arguments.

**AFFIRMED.**