**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

JUN 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF AMERICA, N.A., FKA Countrywide Home Loans Servicing, LP, Successor by Merger to BAC Home Loans Servicing, LP, | No. 20-15215 |
| | D.C. No. 2:16-cv-01612-JCM-CWH |
| Plaintiff-Counter-Defendant-Appellee, | |
| v. | MEMORANDUM* |
| PACIFIC LEGENDS GREEN VALLEY OWNERS' ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC., | |
| Defendants, | |
| and | |
| BFP INVESTMENTS 3, LLC, | |
| Defendant-Counter-Claimant-Cross-Claimant-Appellant, | |
| v. | |
| SVEN STEFFEN, | |
| Cross-Claim-Defendant. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 7, 2021[**]
Pasadena, California

Before: GRABER, CALLAHAN, and FORREST, Circuit Judges.

Defendant BFP Investments 3, LLP, timely appeals the district court's grant of summary judgment to Plaintiff Bank of America, N.A., and the court's denial of Defendant's motion to reconsider. Reviewing the summary judgment de novo, U.S. Bank, N.A. v. White Horse Ests. Homeowners Ass'n, 987 F.3d 858, 862 (9th Cir. 2021), and the denial of reconsideration for abuse of discretion, Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr., 979 F.3d 1209, 1218 (9th Cir. 2020), we affirm.

1. The district court correctly held that Plaintiff's cashing of the post-sale check did not ratify the understanding by Nevada Association Services ("NAS") that the deed of trust had subpriority status, nor did it constitute estoppel or waiver under Nevada law. Defendant cites cases from other jurisdictions that hold that ratification or estoppel may occur from acceptance of a post-sale payment with full knowledge that the partial payment is intended to extinguish the recipient's right to

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

the property. But, here, Defendant points solely to the check itself, which nowhere expressed an intent that the payment would extinguish the loan. Nevada Revised Statutes section 116.31164(c)(2014) specifies the duties of the foreclosing entity, but neither that statute nor any other source of Nevada law imposes an affirmative duty on lienholders to inquire as to whether a partial payment is intended as payment in full.

2. The district court correctly granted summary judgment to Plaintiff, albeit on a ground not reached by the court. Plaintiff argued to the district court that any tender would have been futile, and we may affirm on any ground supported by the record. M & T Bank v. SFR Invs. Pool 1, LLC, 963 F.3d 854, 857 (9th Cir. 2020). As in 7510 Perla Del Mar Avenue Trust v. Bank of America, N.A., 458 P.3d 348, 349 (Nev. 2020) (en banc), any tender by Plaintiff would have been futile, because NAS had a known policy of rejecting conditional, partial payments at all relevant times. Whether NAS received the 2012 letter is not relevant to the "futility of tender" analysis, which queries solely whether NAS had a known policy of rejecting tender. Id. at 351–52.

3. Defendant forfeited the argument—raised for the first time in the reply brief—that Defendant is a bona fide purchaser even if tender is excused. Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

3