**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINEAR MORTGAGE, LLC, | No. 21-15294 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:17-cv-02309-KJD-BNW |
| SATICOY BAY LLC SERIES 2175 CLEARWATER LAKE, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| DEWEY D. BROWN; LILLIAN R. BROWN; REPUBLIC SILVER STATE DISPOSAL, INC., DBA Republic Services, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted April 13, 2022
Pasadena, California

Before: BADE and LEE, Circuit Judges, and CARDONE,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Saticoy Bay LLC appeals from the district court's entry of summary judgment in an action to quiet title on a parcel of real property located at 2175 Clearwater Lake Drive, Henderson, Nevada 89044 ("the Property"). Saticoy purchased the Property at a foreclosure sale conducted under Nev. Rev. Stat. § 116.3116, which gives a common-interest community such as a homeowners' association ("HOA") a superpriority lien for certain unpaid expenses and allows an HOA to foreclose on such a lien and extinguish a first deed of trust. *See W. Sunset 2050 Tr. v. Nationstar Mortg., LLC*, 420 P.3d 1032, 1033, 1035 (Nev. 2018).

Appellee Linear Mortgage, LLC, the current owner of the Property's deed of trust,[1] sought to set aside the foreclosure sale. "Under Nevada law, courts retain discretion to set aside a foreclosure sale if two circumstances are present: (1) an unreasonably low sales price, and (2) fraud, unfairness, or oppression that affected the sale." *U.S. Bank, N.A. v. White Horse Ests. Homeowners Ass'n*, 987 F.3d 858, 863 (9th Cir. 2021) (citing *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon* (*Shadow Canyon*), 405 P.3d 641, 648 (Nev. 2017)).

The district court concluded that a letter sent to Linear Mortgage falsely representing that the HOA lien was junior to Linear Mortgage's deed of trust, combined with Saticoy's low purchase price of about 12 percent of the Property's

_____

[1] For ease of reference, this memorandum disposition refers uniformly to Linear Mortgage as the owner of the Property's deed of trust, even though at earlier stages of the proceedings different entities held the deed of trust.

fair market value, justified setting aside the sale. We have jurisdiction under 28 U.S.C. § 1291, and review the grant of summary judgment de novo. *M & T Bank v. SFR Invs. Pool 1, LLC*, 963 F.3d 854, 857 (9th Cir. 2020). We affirm.

1. On appeal, Saticoy argues that, under Nevada law, Linear Mortgage was required to show reliance on the misleading letter. Saticoy did not raise this argument sufficiently for the district court to rule on it, however, so it is forfeited on appeal. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992) (explaining that, for an argument to be preserved on appeal, it "must be raised sufficiently for the trial court to rule on it" (internal quotation marks omitted)); *Intercontinental Travel Mktg. v. FDIC*, 45 F.3d 1278, 1286 (9th Cir. 1994) ("Raising an issue for the first time in a motion to reconsider is not considered adequate preservation of the issue at a summary judgment stage."). We therefore do not consider this argument. *See Friedman v. AARP Inc.*, 855 F.3d 1047, 1057 (9th Cir. 2017).

2. The district court did not err in granting Linear Mortgage's motion for summary judgment. The parties do not contest that Saticoy's purchase price of just under 12 percent of the Property's fair market value was unreasonably low. The first part of the two-part test was therefore met. *See White Horse*, 987 F.3d at 863; *Shadow Canyon*, 405 P.3d at 648–49; *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1112–13 (Nev. 2016).

As for the presence of "fraud, unfairness, or oppression that affected the sale," *White Horse*, 987 F.3d at 863, it is undisputed that the HOA, through its agent, sent Linear Mortgage a letter stating that the HOA's "Lien for Delinquent Assessments is Junior only to the Senior Lender/Mortgage Holder." This statement was undisputedly misleading, because in fact the HOA lien was senior to Linear Mortgage's deed of trust. *See* Nev. Rev. Stat. § 116.3116. Linear Mortgage's interrogatory responses establish that the misrepresentation affected its conduct leading up to the foreclosure sale. The district court therefore correctly concluded that there was fraud or unfairness that affected the sale. *See Shadow Canyon*, 405 P.3d at 648 & n.11 (listing "an HOA's representation that the foreclosure sale will not extinguish the first deed of trust" as an irregularity in the foreclosure process that may show "the sale was affected by fraud, unfairness, or oppression"); *White Horse*, 987 F.3d at 866 (noting that an "individualized affirmative misrepresentation" such as a letter misstating lien priority "is clearly unfair"). Because Linear Mortgage satisfied both requirements to set aside the foreclosure sale, and Saticoy failed to offer any rebuttal evidence, summary judgment was properly entered. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**AFFIRMED.**