NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC; FEDERAL HOME LOAN MORTGAGE CORPORATION, | No. 19-17197 |
| Plaintiffs-Appellees, | D.C. No. 2:17-cv-02624-RFB-BNW |
| v. | |
| TRAVERTINE LANE TRUST, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| COPPER CREEK HOMEOWNERS ASSOCIATION; ATC ASSESSMENT COLLECTION GROUP, LLC, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted April 13, 2022[**]
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BADE and LEE, Circuit Judges, and CARDONE,[***] District Judge.

Travertine Lane Trust appeals the district court's order granting summary judgment for Nationstar Mortgage, LLC and the Federal Home Loan Mortgage Corporation ("Freddie Mac") in this quiet title action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011), and we affirm.

1.      Freddie Mac's claims are timely. The statute of limitations period for quiet title actions under 12 U.S.C. § 4617(b)(12) is six years. *M & T Bank v. SFR Invs. Pool 1, LLC*, 963 F.3d 854, 858–59 (9th Cir. 2020). The claims in this case accrued on November 26, 2012, when Travertine bought the property at a foreclosure sale. *See id.* Freddie Mac filed its claims on October 9, 2017. Freddie Mac's claims thus are not barred by the statute of limitations.

2.      The district court correctly held that no genuine issue of material fact exists as to Freddie Mac's property interest at the time of the foreclosure sale. To show its interest in the property at issue, Freddie Mac offered evidence from its computer database showing that in November 2007 Freddie Mac acquired ownership of a mortgage loan, including both the note and its associated deed of trust, secured by real property located at 6777 Travertine Lane, Las Vegas, NV 89122. Freddie

---

[***]      The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Mac also offered a declaration from one of its employees to explain and authenticate the records. Freddie Mac further included excerpts from its servicer guide detailing its rights and the servicer's obligations to Freddie Mac. This court, and the Nevada Supreme Court, have repeatedly affirmed the adequacy of such evidence to invoke the federal foreclosure bar. *See, e.g.*, *Berezovsky v. Moniz*, 869 F.3d 923, 932–33 (9th Cir. 2017); *Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849–51 (Nev. 2019). Such evidence is valid even where the employee testifying about the business records did not personally input each piece of data. *Nationstar Mortg. LLC v. Saticoy Bay LLC, Series 9229 Millikan Ave.*, 996 F.3d 950, 956–57 (9th Cir. 2021).

Nor does it create a genuine dispute of material fact that the recorded deed of trust does not name Freddie Mac. In *Berezovsky*, we held that the law "does not mandate that the recorded instrument identify the note owner by name." 869 F.3d at 932. And based on evidence identical to what is offered in this case, we held that "Freddie Mac's property interest is valid and enforceable under Nevada law," even though "the recorded deed of trust here omitted Freddie Mac's name." *Id.*

3.     State law doctrines do not prevent application of the federal foreclosure bar. Travertine cannot assert the statute of frauds because that defense "is personal, and available only to the contracting parties or their successors in interest." *Harmon v. Tanner Motor Tours of Nev., Ltd.*, 377 P.2d 622, 628 (Nev. 1963). Travertine was not a party to the underlying loan agreement under which Freddie Mac acquired the

3

loan, and so it cannot invoke the statute of frauds. *See Millikan*, 996 F.3d at 957. "The fact that [Freddie Mac] completed such an acquisition more than fifteen years ago further undermines the applicability of the statute of frauds" because performance removes a contract from the statute of frauds. *Id.* (citing *Edwards Indus., Inc. v. DTE/BTE, Inc.*, 923 P.2d 569, 574 (Nev. 1996) (per curiam)).

Finally, Travertine argues that it should be protected as a bona fide purchaser. Generally, a purchaser must take the property without notice of the prior equity to qualify as bona fide. *See Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1115 (Nev. 2016). In *Millikan*, we held that the defendant had record notice of the prior equity because the deed was recorded, the note included language that it could be "sold one or more times without prior notice," and the deed included a footer indicating Fannie Mae's possible involvement. 996 F.3d at 958. It thus declined to hold that the defendant was a bona fide purchaser. *Id.* The facts in this case are the same as in *Millikan*. The deed of trust was recorded. The deed of trust states that "the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower." It also includes a footer indicating that it is a "Fannie Mae/Freddie Mac UNIFORM INSTRUMENT." So, just like in *Millikan*, Travertine had record notice of Freddie Mac's prior equity and is therefore not a bona fide purchaser.

**AFFIRMED.**

4