NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 7 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATIONSTAR MORTGAGE LLC;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

 Plaintiffs-Appellees,

 v.

SFR INVESTMENTS POOL 1, LLC,

 Defendant-Appellant,

 and

SOUTHERN HIGHLANDS COMMUNITY
ASSOCIATION; ALESSI & KOENIG,
LLC,

 Defendants.

No.  20-16893

D.C. No.
2:16-cv-02771-APG-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted April 13, 2022[**]
Pasadena, California

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BADE and LEE, Circuit Judges, and CARDONE,[***] District Judge.

SFR Investments Pool 1, LLC ("SFR"), appeals the district court's denial of its motions to compel and for discovery under Federal Rule of Civil Procedure 56(d) and the district court's grant of partial summary judgment in favor of Plaintiffs, the Federal National Mortgage Association ("Fannie Mae") and Nationstar Mortgage LLC. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This case arises from a homeowners' association ("HOA") foreclosure sale. Section 116.3116 of the Nevada Revised Statutes gives a common-interest community such as an HOA a superpriority lien for certain unpaid expenses and allows an HOA to foreclose on such a lien and extinguish a first deed of trust. *See W. Sunset 2050 Tr. v. Nationstar Mortg., LLC*, 420 P.3d 1032, 1033, 1035 (Nev. 2018). Under the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), property of the Federal Housing Finance Administration ("FHFA")—the conservator of Fannie Mae—may not be subject to foreclosure without FHFA consent. Because the Federal Foreclosure Bar preempts the Nevada HOA law, a Nevada HOA foreclosure sale does not extinguish a deed owned by Fannie Mae, unless the FHFA consents. *See Berezovsky v. Moniz*, 869 F.3d 923, 930–31 (9th Cir. 2017).

---

[***] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

In June 2007, 10932 Florence Hills Street, Las Vegas, Nevada ("the Property") was purchased by its original owner with a mortgage. Plaintiffs contend that Fannie Mae acquired the mortgage in July 2007. The homeowner later defaulted on his HOA assessments. In September 2012, the HOA foreclosed on the Property and sold it to SFR.

In December 2016, Plaintiffs sued SFR to quiet title and for related relief. In June 2020, Plaintiffs moved for partial summary judgment on their claim that the HOA sale did not extinguish Fannie Mae's interest in the Property. SFR then filed a motion to compel production of the promissory note secured by the Property's deed, arguing that *M & T Bank v. SFR Investments Pool 1, LLC*, 963 F.3d 854 (9th Cir. 2020), required Fannie Mae to produce the note to demonstrate its ownership interest in the Property. SFR also requested discovery of the note and related evidence under Federal Rule of Civil Procedure 56(d). The district court denied SFR's motions and granted Plaintiffs' motion for partial summary judgment. SFR appeals those rulings.

1.     The district court did not abuse its discretion in denying SFR's motions to compel production and for discovery of the promissory note because the Nevada Supreme Court has held that the note is not required to prove an ownership interest in this context. *See Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 850 (Nev. 2019) (holding, in a similar case, that the note was not required because it "would

3

not help establish when Freddie Mac obtained ownership of the loan or that it retained such ownership as of the date of the foreclosure sale").

We reject SFR's argument that *M & T Bank* requires production of the note. SFR reads *M & T Bank* to hold that quiet title claims under the Federal Foreclosure Bar sound in contract, so the contract that creates Fannie Mae's ownership interest in the Property—the note—must be produced. This is incorrect. *M & T Bank* classified quiet title claims under the Federal Foreclosure Bar as contract claims for purposes of the statute of limitations—it did not address the evidence required to prove the ownership element of such claims. *See* 963 F.3d at 856 (holding that, for purposes of the statute of limitations, quiet title claims are "better characterized as sounding in contract").

2. SFR's motion for further discovery of evidence other than the note was also properly denied because SFR failed to diligently pursue the requested evidence during the discovery period. *See Qualls ex. rel. Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) ("We will only find that the district court abused its discretion [in denying further discovery] if the movant diligently pursued its *previous* discovery opportunities . . . .").

3. Finally, the district court properly granted partial summary judgment for Plaintiffs because they have sufficiently established that Fannie Mae had an ownership interest in the Property at the time of foreclosure. Plaintiffs submitted

Fannie Mae's business records documenting its purchase and maintenance of the loan, a supporting declaration, and excerpts from Fannie Mae's Single Family Servicing Guide that define the agency relationship between Fannie Mae and its loan servicers, which serve as the beneficiaries on deeds owned by Fannie Mae. This Court and the Nevada Supreme Court have routinely found this combination of evidence to be sufficient to establish ownership of a loan at the time of foreclosure. *See e.g.*, *Berezovsky*, 869 F.3d at 932–33; *Daisy Tr.*, 445 P.3d at 850–51; *Nationstar Mortg. LLC v. Saticoy Bay LLC, Series 9229 Millikan Ave.*, 996 F.3d 950, 956 (9th Cir. 2021). Moreover, the record does not support SFR's assertion that Fannie Mae's business records are unreliable.

**AFFIRMED.**