**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

R. WHITE,

Plaintiff-Appellant,

v.

MICHEL REY MOORE; PAUL KORETZ;
MARQUEECE HARRIS-DAWSON;
PAUL KREKORIAN; MITCH
O'FARRELL; BLAKE H. CHEN;
ROBERT K. BLUMENFIELD;
SOUTHARD, No. 21984; MONICA
RODRIGUEZ; JOSEPH BUSCAINO;
NURY MARTINEZ; KELLY MUNIZ;
ERIC MICHAEL GARCETTI; KEVIN DE
LEON; BEATRICE GIRMALA; RAFAEL
RAMIREZ; ROBLES, Unknown;
MALDONADO, No. 43223; JOHN LEE;
MARK RIDLEY-THOMAS; GILBERT
CEDILLO; STEVENS, Unknown;
MICHAEL JOSEPH BONIN; STEVEN
EMBRICH; NITHYA RAMAN; ONE
HUNDRED UNKNOWN NAMED
DEFENDANTS, 1-100; WILLIAM J.
BRIGGS II; EILEEN MAURA DECKER;
DALE EVAN BONNER; MARIA LOU
CALANCHE; STEVEN LLOYD
SOBOROFF; BENARD C. PARKS;
WILLIAM JOSEPH BRATTON;
CHARLES LLOYD BECK; RICHARD
JOSEPH RIORDAN; JAMES KENNETH
HAHN; MATTHEW ENSLEY; DAVID

No. 22-55593

D.C. No.
2:21-cv-06964-MCS-MAA

MEMORANDUM*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

NICK; NEIL SPITZ; STEPHEN FELDMAN; CHRIS CHOI, Officer; RYAN DE BENEDICTIS, 42493; SCOTTY STEVENS; BLAKE H. CHOW,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted August 14, 2023[**]
Pasadena, California

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

Plaintiff Ray White appeals the district court's order granting partial summary judgment for Defendants in White's action alleging that the Los Angeles Police Department (LAPD) violated 42 U.S.C. § 1983 and international law by arresting him for felony vandalism without probable cause. Because the parties are familiar with the facts, we do not restate them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's grant of summary judgment, *Evans v. Skolnik*, 997 F.3d 1060, 1064 (9th Cir. 2021), and may affirm on any ground supported by the record, *M & T Bank v. SFR Investments Pool 1, LLC*, 963 F.3d 854, 857 (9th Cir. 2020). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, there is no

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

1. White first argues that the district court erred by granting partial summary judgment to Defendants on the issue of probable cause. Probable cause to arrest exists when the "facts and circumstances . . . are sufficient for a reasonably prudent person to believe that the suspect has committed a crime." *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1076 (9th Cir. 2011). Under California law, a person commits felony vandalism by maliciously damaging another's property and causing at least $400 of damage. *See* Cal. Penal Code § 594(a)–(b).

We see no error in the district court's conclusion that the undisputed Hawkins and Maldonado declarations demonstrated probable cause to arrest White for felony vandalism. The owner of Venice Beach Bar told Detective Hawkins that a window in the bar was broken as if something had been thrown through it, and that the damage was valued at $2,550. Detective Hawkins saw security footage of White appearing to throw an object toward the bar on the night of the incident. White was the only person observed doing so on the video. These circumstances were sufficient for a reasonably prudent person to believe White had committed felony vandalism. Detective Hawkins relayed this information to Officer Maldonado, who reasonably relied on it. *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). Because White did not

file a reply brief in the district court, this evidence was undisputed.

On appeal, White argues that the district court erred by considering inadmissible portions of the officers' declarations describing the security footage. White forfeited these objections because he did not raise them before the district court and did not raise them on appeal until his reply brief. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (per curiam).

2. White also argues that the district court erred by dismissing Counts One, Two, Three, Four, Six, Nine, and Ten.[1] We disagree. Each of those claims depended upon the allegation that there was no probable cause to arrest White.

Counts One (§ 1983 Fourth Amendment claim), Two (conspiracy to violate Fourth and Fourteenth Amendments), Three (*Monell* liability for violating Fourth Amendment), Six (Fourth Amendment-related injunctive relief), and Nine and Ten (international law violations for "unlawful detentions") explicitly refer to the underlying alleged Fourth Amendment violation. Count Four (malicious prosecution) requires as an element a lack of probable cause. *See Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir.

---

[1] White does not challenge the district court's partial summary judgment order regarding Count Eight (access to counsel). Although his opening brief states that Count Eight was "adequately and plausibly pled," he failed to include the district court's order in the excerpts of record or elaborate on his argument. As a result, the challenge is forfeited. *See Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).

2019).

The district court also dismissed Count Five (abuse of process) based on its probable cause ruling, but a showing of probable cause does not necessarily defeat a claim for abuse of process. *See Lunsford v. Am. Guarantee & Liab. Ins. Co.*, 18 F.3d 653, 655 (9th Cir. 1994). Nevertheless, dismissal was proper under the district court's alternative reasoning that White failed to meet Rule 8(a)(2)'s pleading standard. Abuse of process claims require showing "an ulterior purpose" and "a wilful act in the use of the process not proper in the regular conduct of the proceeding." *Id.* The Second Amended Complaint did not allege that the Defendants engaged in any acts "not proper in the regular conduct of the proceedings." White's bare allegations that the LAPD arrested him without probable cause and pursued charges because he is unhoused were insufficient to state a claim for abuse of process.[2]

**AFFIRMED.**

---

[2] White also argues that the district court improperly dismissed Count Seven (Racketeer Influenced and Corrupt Organizations Act (RICO)). Because the record shows that White voluntarily withdrew this claim, he cannot challenge its dismissal on appeal.